[Civ. No. 936. Second Appellate District.—June 5, 1911.]

CHARLES LATHROP, Respondent, v. NATIONAL SUGAR COMPANY, a Corporation, et al., Defendants; C. P. STEWART, HERBERT N. WAYNE, and D. F. McGRAW, Appellants.

CORPORATIONS—SALE OF STOCK OF SUGAR COMPANY—PATENTED PROCESS—ALLEGED FRAUD—FINDING AGAINST FALSE REPRESENTATIONS—JUDGMENT UNSUPPORTED.—A judgment in favor of plaintiff in an action for damages for alleged fraudulent representations in inducing the sale of certain shares of stock in a sugar company having a patented process, to the plaintiff, is unsupported, where the court found that plaintiff was induced to make the purchase by statements made to him by defendants, "but each and all of the allegations of the complaint touching the matter of false representations claimed to have been made by the defendant are found to be untrue," from which it follows that the statements made by defendants were not false but true, and, being true, could not be fraudulent.

ID.—FINDING AS TO VALUE OF PATENTED PROCESS—REPRESENTATION BY SUGAR BROKER—NO FINDING AGAINST HONEST OPINION.—Where the court found that the company owned a patented device and

process entirely practicable which enabled it to make great profits, and that one of a firm of sugar brokers did represent to plaintiff that he thought the patented process was the greatest thing in existence, and advised the plaintiff to invest in its stock, without any finding that it was material or responsive to any issue, or that it was not an honest expression of opinion, it sufficiently appears from the findings that such broker was justified in his expression of belief and opinion.

ID.—REVERSAL REQUIRED.—No reason appearing in support of the judgment and order appealed from, the same must be reversed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Woodruff & McClure, for Appellants.

George P. Adams, for Respondent.

SHAW, J.—Action for damages on account of fraud and deceit alleged to have been practiced by appellants upon plaintiff in the sale to him of certain shares of corporate stock of the National Sugar Company. From the judgment entered in favor of plaintiff, and an order denying their motion for a new trial, defendants appeal.

The action as originally brought included among the defendants the National Sugar Company, as to which, however, and other defendants not appealing, the same was dismissed at the time of the trial. Defendant Stewart was the president of the corporation and a stockholder therein. Defendants Wayne and McGraw were copartners doing business as stock brokers in Los Angeles under the firm name of Wayne & McGraw. In July, 1907, plaintiff purchased from Wayne & McGraw certain shares of the capital stock of said corporation, for which he paid the sum of $740, and received a certificate therefor. The complaint alleges that in order to persuade and induce plaintiff to purchase the stock the defendants Stewart, Wayne and McGraw made certain representations to plaintiff upon which he relied and was thereby induced to make the purchase, and that said representations were false and untrue, and when made by defendants known

by them to be false and untrue. Briefly stated, these alleged false representations were to the effect .that the National Sugar Company owned valuable patents and patent rights of machinery, devices and processes for manufacturing and refining a high grade of marketable sugar from wood charcoal at a cost below that of any other known process for the manufacture of sugar; that said process was entirely practicable, that it had been in every way tested and that its results were a certainty, and by the use thereof great profits could be made; that the proceeds of the sale of stock in said corporation were to be used in the installation and equipment of a plant for carrying out the purposes of the corporation, and that defendant Stewart exhibited to plaintiff a machine and device in operation, whereby sugar was apparently, but not in fact, being produced from wood and carbon, or charcoal; that it was falsely claimed that the sugar was made from wood and charcoal; that the stock of said corporation would be of great value and far in excess of the amount paid by plaintiff therefor; that defendants conspired together for the purpose of falsely making such representations to plaintiff, with the intent to use the corporation as a scheme and device in the selling of stock to this plaintiff.

The court found: "That on account of the statements of C. P. Stewart and Herbert N. Wayne, of the firm of Wayne & McGraw, the said plaintiff was induced to purchase and did purchase of and from Herbert N. Wayne stock of the National Sugar Company in the sum of seven hundred and forty dollars ($740) "; but each and all of the allegations of the complaint touching the matter of false representations claimed to have been made by defendants are found to be *untrue.* Hence, it follows the statements made to plaintiff, and which the court found induced him to purchase the stock, were not false but true. The court further found that "Wayne, of the firm of Wayne & McGraw, did represent to plaintiff that the said Wayne thought it (the process for the manufacture of sugar from charcoal) was the greatest invention in existence, and that he thought there could be great dividends and profits made in the purchase of stock, and also advised the said plaintiff to purchase stock in the National Sugar Company." Even if this finding could be regarded as material or responsive to any issue, and it is neither, it

is not found that the same was not an honest expression of Wayne's opinion upon the future success of the enterprise. On the contrary, since the court found that the company owned a patented device and process entirely practicable which enabled it to manufacture a high grade of marketable sugar out of wood charcoal and water at a cost below that of any other process for producing sugar, and that by means thereof great profits could be made, it would seem that Mr. Wayne was fully justified in the belief that the National Sugar Company was destined to become a strong factor in destroying the alleged controlling power of the so-called sugar trust. As to defendant Stewart, the court found that he ''did not at any time induce the plaintiff to purchase stock of said corporation, or any corporation; nor did the said Stewart offer to plaintiff or advise plaintiff to purchase stock from said corporation, or any person or individual.''

The fact that respondent's able and learned counsel presents no argument, either oral or written, in support of the court's ruling, leads to the conclusion that no reason can be assigned for affirming the order and judgment. In this we concur.

Judgment and order reversed.

Allen, P. J., and James, J., concurred.