[Civ. No. 27340.   Second Dist., Div. Two.   Mar. 26, 1964.]

PEARL RUFFINO, Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

Kinkle, Rodiger, Graf & Dewberry and David R. Merrihugh for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and Edwin F. Shinn, Assistant City Attorneys, and Kenneth K. Williams, Deputy City Attorney, for Defendant and Respondent.

HERNDON, Acting P. J.—This appeal is taken from the summary judgment entered in favor of respondent City of Los Angeles by reason of appellant's failure to present a claim to the city regarding the injuries allegedly sustained by her in a vehicular accident involving the city.

Appellant's asserted injuries were sustained in an accident on October 30, 1960, allegedly caused by respondent's negligence. Her original complaint herein was filed March 2, 1961. Respondent city answered her complaint and then moved for a judgment on the pleadings on the ground that the complaint failed to state a cause of action in that it failed to allege the presentation of any claim to the city.

This motion was ordered off calendar and appellant was granted 10 days to amend her complaint. Appellant's amended complaint alleged that on or about November 30, 1960, the city received a claim on her behalf and that on or about January 13, 1961, appellant, through her attorneys, filed a claim with the city. Respondent answered the amended complaint and then moved for a summary judgment based upon affidavits executed by its appropriate officers to the effect that no claim by appellant had "ever been served, filed with or received" by their respective offices.

Sections 710 through 720 of the Government Code, as they then existed and applied to this type of action, provided that no suit for damages resulting from a personal injury could be brought against a local public entity without a written claim having been first presented within one hundred days of the accrual of the cause of action. The requirements of these sections were mandatory. (Cf. *Hall* v. *City of Los Angeles*, 19 Cal.2d 198, 203 [120 P.2d 13]; *Tyhurst* v. *Housing Authority of Los Angeles County*, 213 Cal.App.2d 715, 717 [29 Cal.Rptr. 329]; *Fidelity & Deposit Co.* v. *Claude Fisher Co.*, 161 Cal.App.2d 431, 435 et seq. [327 P.2d 78].)

Appellant's brief contains no assertion, and it could not reasonably be asserted, that the affidavits filed in opposition to the motion constituted any showing that a claim was presented on November 30, 1960, or that any question of estoppel or substantial compliance was raised by such affidavits.

We are therefore presented with only the very narrow question whether these affidavits presented any substantial issue of fact regarding the claim assertedly filed January 13, 1961, to prevent the proper entry of the summary judgment.

The first of the two affidavits filed in opposition to the motion is that of a member of the law firm representing appellant. In it the affiant states that he prepared and exe-

cuted a claim on appellant's behalf, and presented it to "Speedy Attorney Service" on January 13, 1961, with the request that it be filed and served "upon the City of Los Angeles, such being the usual and normal practice of declarant's office." The affidavit further alleges that a copy of this claim is attached thereto, but no copy of any written instructions that might reasonably accompnay such a claim, nor any return by the messenger service regarding the disposition thereof was attached thereto or filed therewith.

It is obvious, of course, that this affidavit in no way conflicts with the express averments contained in respondent's affidavits to the effect that no claim has ever been filed with any proper official. The cases cited by appellant relating to office custom in connection with the posting of letters are not in point. These cases are founded upon the basic presumption set forth in section 1963, subdivision 24, of the Code of Civil Procedure, i.e., "That a letter duly directed and mailed was received in the regular course of the mail; . . ." No presumption exists that Speedy Attorney Service performs its private contractual obligation in any manner comparable to official duties fulfilled by the United States Postal authorities.

The second affidavit filed by appellant in opposition to the motion states: "L.C. Samuels declares as follows: That he is a partner in an attorney service referred to as Speedy Attorney Service; that they have handled all of the attorney service matters for the firm of Kinkle, Rodiger, Graf & Dewberry from its inception on January 1, 1961 up to the present time; that during said time, we have been called upon to file claims against various governmental bodies including the City of Los Angeles; that it is our custom and practice to pick up these claims at the offices of Kinkle, Rodiger, Graf & Dewberry and file them with the City of Los Angeles by delivering the original thereof to City Hall, 1st floor; that we have no records which would reflect upon whether or not a claim against the City of Los Angeles on behalf of Pearl Ruffino was received or filed with the City of Los Angeles; that if it was delivered to us it would be our custom to file it at the place set forth above on the date it was received."

Manifestly, this affidavit wholly fails to set forth any facts indicating that a claim was filed with an appropriate officer in contradiction of the express averments of such officers to the contrary. The affiant denominates himself as a "partner" in the company, but he does not allege that he *person-*

*ally* ever received any documents from the law firm representing appellant. In fact, it indicates that the company itself had handled the service matters for the firm for only 12 days prior to the date in issue. It does not, even by implication, assert that any claims had been received by affiant's company on the date in issue, or prior thereto. It states only that it is their custom (apparently their *present* custom) "to pick up these claims ... and file them with the City of Los Angeles by delivering the original thereof to the City Hall, 1st floor."

Even if we were to infer that the reference to "City Hall, 1st floor" was equivalent to the naming of the public officers authorized to receive such claims, such averment is not sufficient to present the triable issue of fact that might have been presented if the service had declared that, despite the failure of the official records to reflect the receipt of the instant claim, the service did, in fact, file it with some such officer.

Since there was no contradiction whatsoever of the express facts set forth in respondent's affidavits in support of its motion for summary judgment, the granting thereof unquestionably was proper.

The judgment is affirmed.

Roth, J., and Kincaid, J. pro tem,* concurred.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.