[Civ. No. 40669. First Dist., Div. One. Nov. 25, 1977.]

NORMAN D. LATTIN et al., Plaintiffs and Appellants, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

**COUNSEL**

Schenkel & Maas, James P. Schenkel and James R. McCall for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, and Gary A. Larson, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—The instant appeal is taken by plaintiffs Norman D. Lattin and Harriett P. Lattin from "orders of the Superior Court . . .

denying plaintiffs' motions for order that class action is proper and for order to notify class members of pending action."

Plaintiffs Lattin, pursuant to Revenue and Taxation Code sections 19051-19064, had filed with the Franchise Tax Board a "claim for refund" of California state income taxes in the amount of $627.17, paid by them under protest. The claim was based on the contended unconstitutionality of subdivision (f), later redesignated subdivision (g), of Revenue and Taxation Code section 17069. That statute allowed a "special tax credit" to certain California income taxpayers who had been residents of the state for a full tax year, but denied the credit to such taxpayers as were "nonresidents as of the close of the taxable year for which the credit is claimed." Plaintiffs Lattin had been residents of the state for all but the last 25 days of the taxable year, and were denied the special tax credit which otherwise would have been their due. As will later appear, it is significant that on the claim for refund the only claimants were "Norman D. & Harriet [sic] P. Lattin," and by it they sought only such a refund as was believed due them personally.

The claim for refund was denied by the Franchise Tax Board, and on appeal to the State Board of Equalization the denial was upheld.

Thereupon plaintiffs Lattin filed in the superior court a "class action complaint for recovery of personal income tax paid under protest." Named as defendant was the Franchise Tax Board, and as plaintiffs —"Norman D. Lattin and Harriett P. Lattin, *on behalf of themselves and all others similarly situated*" (italics added). The complaint sought not only recovery of the refund claimed due the plaintiffs Lattin, but also such refunds as were due all taxpayers similarly situated, a class, we are told, consisting of 235,998 persons.

The superior court thereafter made and entered certain orders the effect of which, the parties appear to agree as do we, was to finally determine the invalidity of plaintiffs' action as a class action. It is the substance and effect of such orders as determine their finality for purposes of appeal. (*Daar* v. *Yellow Cab Co.,* 67 Cal.2d 695 [63 Cal.Rptr. 724, 433 P.2d 732]; *Lyon* v. *Goss,* 19 Cal.2d 659, 670 [123 P.2d 11].) It is from these orders that plaintiffs have appealed.

As stated by plaintiffs: "The sole issue presented on this appeal is whether or not a class should be certified and represented by Appellants Lattin."

The Franchise Tax Board contends here as it did in the superior court that since no claim for refund, as required by Revenue and Taxation Code sections 19051-19064, was made "on behalf of any class there is no jurisdiction to maintain a class action, and [the Lattins] can sue only on behalf of themselves . . . ." We have concluded that this contention is correct, and that the superior court's orders must be affirmed. Our reasons follow.

California's Constitution, article III, section 5, provides: "Suits may be brought against the state in such manner and in such courts as shall be directed by law."

Under this authority the Legislature has the power to impose conditions as a prerequisite to commencement of an action against the state or one of its agencies. (*Bozaich* v. *State of California,* 32 Cal.App.3d 688, 697 [108 Cal.Rptr. 392]; *Fidelity & Dep. Co.* v. *Claude Fisher Co.,* 161 Cal.App.2d 431, 436-437 [327 P.2d 78]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 86, 87, pp. 1762, 1763.) Such conditions are mandatory (*City of San Jose* v. *Superior Court,* 12 Cal.3d 447, 454 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; *Hall* v. *City of Los Angeles,* 19 Cal.2d 198, 201-203 [120 P.2d 13]; *Bozaich* v. *State of California, supra,* p. 697; *Ruffino* v. *City of Los Angeles,* 226 Cal.App.2d 67, 68 [37 Cal.Rptr. 765]); they must be strictly complied with (*Hall* v. *City of Los Angeles, supra,* p. 201; *Bozaich* v. *State of California, supra,* p. 697); "failure to file a claim is fatal to the cause of action" (*City of San Jose* v. *Superior Court, supra,* p. 454; *Shelton* v. *Superior Court,* 56 Cal.App.3d 66, 82, and see authority there collected); and "It is well-settled that [such] claims statutes must be satisfied . . . ." (*City of San Jose* v. *Superior Court, supra,* p. 455).

As has been pointed out the state's Legislature has prescribed, as a condition precedent to recovery of overpayment of income taxes, the filing with the Franchise Tax Board of a claim for refund. (See Rev. & Tax. Code, §§ 19051-19064.) Section 19055 states that: "Every claim for refund shall be in writing and shall state the specific grounds upon which it is founded."

In the case at bench, as we have seen, the claim for refund was made by, and on behalf of, the plaintiffs Lattin alone; no claim was made on behalf of the class which, by the subsequent action, they sought to represent.

There is no dispute, at least for the purpose of this appeal, whether the plaintiffs Lattin had filed a proper claim for refund on behalf of themselves. The issue accordingly narrows to whether, under the circumstances of the case, a claim for refund on behalf of the complaint's purported class was also required, or was excused.

We are of the opinion that the issue is resolved by the recent case of *City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447. *City of San Jose* was concerned with other statutes requiring filing of claims against the State of California and lesser public entities before commencement of an action against them. A question posed (p. 453) was whether the "claims statutes prohibit the maintenance of class actions against governmental entities." In concluding that they did not, the court considered in depth the effect of claims statutes generally on class actions commenced against public entities.

The court (p. 454) first reiterated the rule that: "[C]laims statutes require timely filing of a proper claim as condition precedent to the maintenance of the action. . . . Compliance with the claims statutes is mandatory . . .; and failure to file a claim is fatal to the cause of action."

*City of San Jose* (p. 455) then considered a contention that since the names and addresses of the members of a class are generally unknown to its proponent, it was impossible "for a class claim to satisfy the claims statutes . . . ." The court disagreed, holding (pp. 456-457) that there must be "*some* [substantial] compliance with *all* of the statutory requirements; . . ." It then said (p. 457): "We conclude 'claimant,' . . . must be equated with the class itself and therefore reject the suggested necessity for filing an individual claim for each member of the purported class. . . . [¶] Thus, to satisfy the claims statutes, the class claim must provide the name, address, and other specified information concerning the *representative* plaintiff and then sufficient information to identify and make ascertainable the class itself. Because such information would meet the statutory requirements of name and address, *any* effort to identify the class would satisfy the *some compliance* test. Beyond this, the sufficiency of the identifying information must be measured by the *substantial compliance* test."

From this high authority it thus appears that, as a mandatory condition precedent to the commencement of a class action against the state, there must be the filing of an appropriate claim by, or on behalf of, the class, the sufficiency of which claim will be measured by *City of San*

*Jose*'s substantial compliance test. To the same effect see *Santa Barbara Optical Co.* v. *State Bd. of Equalization,* 47 Cal.App.3d 244, 247 et seq. [120 Cal.Rptr. 609], applying the rationale of *City of San Jose* to the claim of a class for state sales tax refunds.

■ We are unpersuaded by plaintiffs' argument that failure to file a claim for refund on behalf of the class must be compared to a failure to exhaust administrative remedies, which latter failure will sometimes be excused. A similar contention was made in *Bozaich* v. *State of California, supra,* 32 Cal.App.3d 688, 697-698, where the court said: "The right of a plaintiff to file a class action on behalf of himself and others originates from equitable concepts, and in this state the right is found in section 382 of the Code of Civil Procedure. The claim-filing requirements of the Government Code, on the other hand, stem from the legislative prerogative to impose conditions as a prerequisite to the commencement of any action against the state for money damages . . .; they are specific and mandatory regulations which must be strictly complied with. . . . It is a cardinal rule that specific statutory regulations control over a general statute, and this is particularly true where, as here, the specific regulations are mandatory. . . . [¶] . . . Appellants equate the claim-filing requirements of division 3.6 with an administrative remedy and then assume that the state's only complaint is that they did not pursue that remedy. Appellants conclude that the individual claim-filing requirements have no application to a class action because a class action constitutes an exception to the doctrine of exhaustion of administrative remedies. [¶] The doctrine of exhaustion of administrative remedies evolved for the benefit of the courts, not for the benefit of litigants, the state or its political subdivisions. It rests 'on considerations of comity and convenience,' and its basic purpose is to secure a 'preliminary administrative sifting process' . . . to lighten the burden of overworked courts in cases where administrative remedies are available and are as likely as the judicial remedy to provide the wanted relief. . . . The claim-filing requirements of the Government Code are directly related to the doctrine of governmental immunity and exist for the benefit of the state, not the judicial system; they were adopted by the Legislature in the exercise of its legislative prerogative to impose conditions as a prerequisite to the commencement of any action against the public entity. . . . The doctrine of exhaustion of administrative remedies has no relationship whatever to division 3.6 of the Government Code, and it follows that any exception to that doctrine is not controlling here." (And see authority there collected.) No reasonable distinction, in the application of *Bozaich,*

is to be made between the several governmental claims statutes. *Bozaich* disposes of the instant contention.

Nothing is seen in the case of *Friends of Mammoth* v. *Board of Supervisors*, 8 Cal.3d 247 [104 Cal.Rptr. 761, 502 P.2d 1049], supportive of plaintiffs' contention that the filing of a claim on behalf of the class was not required or excused. That case, an "administrative mandamus" proceeding, concerned the validity of a county planning commission's issuance of conditional use and building permits to a private corporation. Responding to a contention that the plaintiffs of a class action had not exhausted their administrative remedies, the high court pointed out (p. 268) that since at least "two plaintiffs, albeit unnamed plaintiffs, have previously appeared before the Board [of Supervisors], the policies of the exhaustion doctrine have been fulfilled." It was then held that to require a named plaintiff to also so appear "would serve no additional useful purpose." The case concerned neither a class action against a public entity, nor the need to comply with governmental claims statutes. Its rationale and holding in no way impugn *City of San Jose*'s requirement of a class claim in a class action against a public entity, or *Bozaich*'s ruling that "The doctrine of exhaustion of administrative remedies has no relationship whatever" to the governmental claims statutes.

Nor is merit seen in plaintiffs' contention that no claim for refund need have been filed on behalf of the class, since "there is no question that both the [Franchise Tax Board] and the State Board of Equalization were fully informed of the basis of the claim and of the taxpayers who would be affected by a decision favorable to appellants." As said in *City of San Jose*: "It is not the purpose of the claims statutes to prevent surprise." (12 Cal.3d, p. 455.)

It becomes unnecessary to consider other contentions raised, and points made, by the parties.

The orders from which plaintiffs have appealed are affirmed.

Racanelli, P. J., and Broussard, J.,* concurred.

A petition for a rehearing was denied December 23, 1977, and appellants' petition for a hearing by the Supreme Court was denied January 26, 1978. Bird, C. J., Tobriner, J., and Richardson, J., were of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.