[Civ. No. 19840. Third Dist. May 10, 1982.]

LUCILLE HARMAN, Individually and as Administratrix, etc., et al.,
Plaintiffs and Appellants, v.
MONO GENERAL HOSPITAL et al., Defendants and Respondents.

610

COUNSEL

Kanarek & Berlin, Irving Kanarek and Sheldon Berlin for Plaintiffs and Appellants.

Hagenbaugh & Murphy, Raymond R. Moore and Mary E. Porter for Defendants and Respondents.

OPINION

SPARKS, J.—In this case we consider the relationship between a proceeding for relief from filing a claim under the tort claims act and the doctrine of collateral estoppel. The superior court entered a judgment of dismissal of plaintiffs' wrongful death action after it had granted defendants' motion for summary judgment and had denied plaintiffs' motion for a new trial. The basis of the summary judgment was the failure of plaintiffs to present a timely claim for wrongful death to a public entity. (Gov. Code, § 911.2.) Defendants claimed that this failure, and inferentially the status of Mono General Hospital as a public entity, had been determined in an ancillary proceeding. The motion for summary judgment was therefore brought "upon the ground that issues necessary to plaintiffs' cause of action have been adjudicated against them in a prior action, and that plaintiffs are therefore conclusively bound by said judgments [sic] under the provisions of C.C.P. Section

1908(a)(2)."[1] Plaintiffs appeal, contending that the motion for summary judgment was improperly granted because the record does not establish that defendants were public agencies or employees of a public agency. As a corollary, plaintiffs contend that the motion for a new trial was improperly denied because their papers in support of the motion also established that defendants are not public agencies or employees of public agencies. We mention in the text but do not decide two additional contentions: first, plaintiff Lucille Harman was not properly served with the motion for summary judgment; second, the trial judge who heard the motion for a new trial was incompetent on the day of the hearing.

■ We hold that the trial court mistakenly invoked the doctrine of collateral estoppel when it ruled that defendant Mono General Hospital had been conclusively determined to be a public entity in a prior proceeding. Since that prior proceeding also did not adjudicate the public entity status of any of the other defendants, the motion for summary judgment should have been denied. Accordingly, we reverse the judgment of dismissal.

I

The plaintiffs' decedent, Jerome Harman, died as a result of an automobile accident which occurred in Mono County. At the time of the accident Harman was taken to defendant Mono General Hospital for treatment and was subsequently transferred by ambulance to Reno, Nevada. He suffered a cardiac arrest shortly after his arrival in Reno and died. Plaintiffs contend that the death was due to the negligence of the defendants in diagnosing and treating Mr. Harman.

Nearly one year after the accident plaintiffs, decedent's heirs and his personal representative, filed their complaint for wrongful death in the

---

[1]That section reads: "(a) The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows: ... [¶] (2) In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding." In the trial court, defendants also claimed that the issue had been adjudicated in a venue hearing. They have abandoned that spurious claim in this appeal. An order changing venue is obviously not a final judgment within the meaning of the collateral estoppel doctrine.

Superior Court of San Francisco. Named as defendants in that action were Mono General Hospital, Charles Lear, M.D., Mono County Ambulance and a hundred does. Loma Linda University Medical Group, Inc., Universal Health Care, and Universal Medical Group, Inc. were thereafter served as doe defendants.[2] A few days after filing suit, plaintiffs applied to Mono County for permission to file a late claim against a public entity. The Mono County Board of Supervisors denied the application and plaintiffs petitioned the Superior Court of Mono County for relief from the requirement of filing a claim with a public entity. (Gov. Code, § 946.6.) The superior court denied the petition and denied also a subsequent motion for reconsideration. No appeal was taken.

After the petition for relief from the claim filing statutes was denied, plaintiffs' attorney, Elizabeth W. Walker, moved to withdraw as attorney in the San Francisco County wrongful death action. The court granted the motion to withdraw. However, Walker had erroneously limited her motion to plaintiff Lucille Harman. When she discovered her oversight, Attorney Walker returned to the San Francisco County Superior Court for permission to withdraw as attorney for the remaining plaintiffs, but by that time the court had granted defendants' motion to transfer the case to Mono County.

When the case was transferred to Mono County the defendants moved for summary judgment, serving their notice of motion on Attorney Walker and on each of the plaintiffs individually by mail. The plaintiffs did not appear at the hearing on the motion for summary judgment and the motion was granted. Attorney Irving Kanarek moved for a new trial on behalf of plaintiffs. Although by that time Attorney Walker had filed a petition in Mono County for permission to withdraw as attorney, Attorney Kanarek had not been formally substituted as attorney for plaintiffs. The defendants objected that Attorney Kanarek had no standing to move for a new trial. The motion for a new trial was denied and plaintiffs appeal from the ensuing judgment of dismissal.

## II

A motion for summary judgment is designed to test whether there is sufficient evidence upon which a claim or defense may be sustained. "Such motion shall be granted if all the papers submitted show

---

[2]All these defendants, except Mono County Ambulance, joined in the summary judgment motion and are respondents to this appeal.

that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c.) However, ". . . summary judgment shall not be granted by the court based on inferences reasonably deducible from such evidence, if contradicted by other inferences or evidence, which raise a triable issue as to any material fact." (*Ibid.*) Where, as here, the motion for summary judgment is unopposed, the moving party may still not be granted summary judgment unless his papers clearly establish that there is no triable issue of fact and he is entitled to judgment. (*de Echeguren v. de Echeguren* (1962) 210 Cal.App.2d 141, 148 [26 Cal.Rptr. 562].)

The underlying basis for defendants' motion for summary judgment was the failure of the plaintiffs to file a claim with a public entity. Government Code section 911.2 requires that a claim relating to a cause of action for death be presented to a public entity no later than 100 days after accrual of the cause of action. Where such a claim is not so presented, the claimant may apply to the public entity for leave to file a claim if he or she does so within one year of the accrual of the cause of action. (Gov. Code, § 911.4.)

The presentation of a claim against a public entity is a prerequisite to the maintenance of a suit against that entity. (Gov. Code, § 945.4; *Ruffino v. City of Los Angeles* (1964) 226 Cal.App.2d 67, 68 [37 Cal.Rptr. 765].) ■ It is also a condition precedent to a tort action against a public employee (Gov. Code, § 950.2; *Williams v. Hovarth* (1976) 16 Cal.3d 834, 838 [129 Cal.Rptr. 548, P.2d 1125].) Where a timely claim is not presented, the claimant must apply for leave to present a late claim. (Gov. Code, § 946.6, subd. (a).) Where an application for leave to file a late claim is denied or deemed denied then the claimant must petition the court for relief from the bar to sue because of the nonpresentation of a claim. (Gov. Code, § 946.6.) ■ The denial of such a petition is a final determination of the claimants' rights against the public entity, and is an appealable order. (*Moore v. Morhar* (1977) 65 Cal.App.3d 896, 903, fn. 8 [135 Cal.Rptr. 626]; *Dockter v. City of Santa Ana* (1968) 261 Cal.App.2d 69, 74 [67 Cal.Rptr. 686].)

■ Plaintiffs failed to present a claim to Mono County within 100 days of the accrual of their cause of action for wrongful death. They applied for permission to present a late claim nearly one year after the accrual of the cause of action and that application was denied. They petitioned the superior court for relief from the requirement of presenting a claim and that petition was also denied. No appeal was taken and the

denial of the petition for relief became final. Plaintiffs are therefore precluded, as a matter of law, from maintaining a suit against a public entity. (See *Ruffino* v. *City of Los Angeles, supra*, 226 Cal.App.2d at p. 70.)

## III

On appeal, defendants reassert their position that plaintiffs are collaterally estopped from maintaining this action because the issue of compliance with the tort claims act has been conclusively decided against them. ▮ As we shall explain, the issue of whether these defendants were public agencies or employees of a public agency was not litigated and determined in the prior proceeding. The doctrine of collateral estoppel, therefore, does not apply and the prior judgment cannot be used to defeat the present action.

▮ "The doctrine of res judicata," the court observed in *Henn* v. *Henn* (1980) 26 Cal.3d 323, 329-330 [161 Cal.Rptr. 502, 605 P.2d 10], "has long been recognized to have a dual aspect. 'In its primary aspect the doctrine of res judicata operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.' Also, the doctrine comes into play in situations involving a second suit, not necessarily between the same parties, which is based upon a different cause of action. There '[t]he prior judgment is not a complete bar, but it "operates [against the party against whom it was obtained] as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action."' [Citations omitted.]" This second aspect, the court further noted, ". . . is referred to as judgment by estoppel or, more commonly, collateral estoppel." (*Id.*, at p. 330, fn. 4; citation omitted.)[3]

The court also noted earlier, in *People* v. *Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622], that "[c]ollateral estoppel has been held to bar relitigation of an issue decided at a previous trial if (1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; if (2) the previous trial resulted in a final judgment on the merits; and if (3) the party against whom

---

[3]Collateral estoppel is called "issue preclusion" by the Restatement of Judgments. "The rule of issue preclusion, sometimes referred to as collateral estoppel . . ., is that a party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion." (Rest.2d Judgments (Tent. Draft No. 7, 1980) Introduction, p. 1; see also Rest.2d Judgments (Tent. Draft No. 4, 1977) § 68.)

collateral estoppel is asserted was a party or in privity with a party at the prior trial. [Citations omitted.]"

■ ■■■ The central question here is whether the issue of the status of defendant Mono General Hospital as a public entity was actually litigated in the prior proceeding for relief from the tort claim filing requirements.[4] In their petition for relief under Government Code section 946.6, plaintiffs sought an order relieving them from the requirement of filing a claim against the public entities named as "Mono General Hospital, Mono County Ambulance Company and the County of Mono." Finding that the application was not factually sufficient for relief, that the failure to present a claim did not arise because of mistake, surprise, inadvertence or neglect and that the application to present a late claim was not made within a reasonable time, the superior court denied the petition.

■ Defendants inferentially claim that the relief petition necessarily determined that Mono General Hospital was a public entity. From that unstated premise, they proceed to plaintiffs' complaint which alleged that "each of the defendants named herein was an agent, servant, and/or employee of each of the defendants named herein . . . ." They complete the syllogism by arguing that since it was alleged that all defendants were employees of a public entity (here defendant Mono General Hospital) and because admittedly no claim was filed and no relief was granted, plaintiffs cannot maintain this suit against these "public employees."[5] The argument is fallacious.

---

[4]It is rudimentary that the adjudication of the petition for claim relief did not, and constitutionally could not, determine the status of entities not named or served in, or otherwise give notice of, that proceeding. Before a court may obtain personal jurisdiction over parties ". . . the constitutional guarantee of due process must be satisfied by (1) employing a reasonable method of notice, and in giving a reasonable opportunity for a hearing." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 78, p. 603.) The prescribed statutory method of giving that notice in claim relief proceedings is set forth in subdivision (d) of section 946.6 of the Government Code: "A copy of the petition and a written notice of the time and place of hearing thereof shall be served not less than 10 days before the hearing on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity . . . ." Since they were not named, served or otherwise given notice, the petition proceeding did not even purport to decide any issue concerning the status of defendants Loma Linda University Medical Group, Inc., Universal Health Care, Universal Medical Group, Inc. or Dr. Lear.

[5]We note, skeptically, that defendants never filed a declaration in support of their motion stating that they were in fact employees of some public entity or even of Mono General Hospital.

Under the Restatement Second of Judgments, the general rule of issue preclusion is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." (Rest.2d Judgments (Tent. Draft No. 4, 1977) § 68, p. 1.) ▪▪▪ California has adopted a similar formulation. "The collateral estoppel aspect of res judicata precludes the parties from relitigating in a subsequent proceeding on a different cause of action any issue actually litigated and determined in a former proceeding. (*In re Russell*, 12 Cal.3d 229, 233 [115 Cal.Rptr. 511, 524 P.2d 1295]; *Ellena v. State of California*, 69 Cal.App.3d 245, 253 [138 Cal.Rptr. 110].) The prior adjudication operates as a conclusive adjudication as to any issue 'which appears on its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.' (Code Civ. Proc., § 1911; *In re Lisa R.*, 13 Cal.3d 636, 646 [119 Cal.Rptr. 475, 532 P.2d 123].)" (*Mathews v. Mathews* (1977) 74 Cal. App.3d 683, 689 [141 Cal.Rptr. 634].)[6]

An issue is actually litigated under collateral estoppel principles when it "is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined . . . ." (Rest.2d Judgments (Tent. Draft No. 4, *supra*) § 68, com. d, p. 6.)

▪▪▪ The claim relief procedure presupposes, but does not put in issue, the public entity status of the parties served with the petition. This is so primarily because its purpose is to litigate expeditiously only the narrow issue of justification for relief. A subsequent litigation of that justification issue is, of course, precluded by the doctrine of collateral

---

[6]The Supreme Court has also stated that "the prior determination of an issue is conclusive in a subsequent suit . . . as to that issue and every matter which might have been urged to sustain or defeat its determination." (*Pacific Mut. Life Ins. Co.* v. *McConnell* (1955) 44 Cal.2d 715, 724-725 [285 P.2d 636].) "As explained in *Carroll* v. *Puritan Leasing Co.* (1978) 77 Cal.App.3d 481, 490 [143 Cal.Rptr. 772], the rule prohibiting the raising of any factual or legal contentions which were not actually asserted but which were within the scope of a prior action, 'does not mean that issues not litigated and determined are binding in a subsequent proceeding on a new cause of action. Rather, it means that once an issue is litigated and determined, it is binding in a subsequent action notwithstanding that a party may have omitted to raise matters for or against it which if asserted may have produced a different outcome.'" (*Henn* v. *Henn*, *supra*, 26 Cal.3d at p. 331.) In short, "[t]he basic idea is that a party should not be able to relitigate an issue that he actually litigated." (Hazard, *Revisiting the Second Restatement of Judgments: Issue Preclusion and Related Problems* (1981) 66 Cornell L.Rev. 564, 585.)

estoppel. But the claim relief procedure is not designed to determine whether all the noticed parties are in fact public entities; it presupposes that any such issue will be litigated, if at all, somewhere else, either in the main action or in an appropriate action for declaratory relief.

Public policy supports this result. Since time is of the essence in suits against the government, a litigant should not be forced to risk an adverse determination or concession of the public entity status of potential defendants simply in order to secure timely relief for default. A litigant may thus, providently, attempt to secure relief from the claims statute, leaving to another action any contest of that which was procedurally presupposed.

This case is a classic example of the abuse which would attend a contrary result. The petition for claim relief, as we noted earlier, named the County of Mono as well as Mono General Hospital and Mono County Ambulance. Since Mono County is a public entity by definition (Gov. Code, §§ 23000, 23003, 23012), the relief petition was compelled. A cautious litigant, however, should not be penalized merely because he includes in that mandatory petition parties he suspects might also be public entities. The claim relief proceeding simply does not provide a forum for the adjudication of the public entity status of the petitioned parties. ■ Thus the issue of whether Mono General Hospital was a public entity was never raised in the claim relief proceeding by the pleadings or otherwise, was never submitted for determination and, predictably, was never in fact determined.[7] In short, the issue was never actually litigated or determined. A judgment is obviously not conclusive under collateral estoppel principles in a subsequent action as to issues not litigated and determined in the prior action.

The judgment is reversed.

Blease, Acting P. J., and Reynoso, J.,* concurred.

---

[7]We, of course, express no opinion on the actual status of that defendant. We hold only that its status was not actually litigated and determined in the prior proceeding.

*Assigned by the Chairperson of the Judicial Council.