**Axel-Felix KLEIBOEMER, Richard A. Bishop, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 79–123, 79–547 and 81–1232.**

District of Columbia Court of Appeals.

Argued Nov. 3, 1982.

Decided Sept. 7, 1983.

---

Bradley G. McDonald, Washington, D.C., with whom Philip L. Kellogg, James L. Lyons, John M. Bixler, and Ronald D. Aucutt, Washington, D.C., were on briefs, for appellants.

Richard L. Aguglia, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and James E. Lemert, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before KERN, PRYOR and BELSON, Associate Judges.

### SUPPLEMENTAL OPINION UPON APPELLANTS' PETITION FOR REHEARING

The division in its opinion issued on March 22, 1983 characterized, prophetically as it turns out, this case as "the residuum of ... convoluted litigation." *Kleiboemer v. District of Columbia,* 458 A.2d 731, 732 (D.C.1983). Appellants in their petition for rehearing point out two misstatements which crept into the opinion through clerical error, *viz.,* two references to the trial court's October 17, 1977 order as holding the tax at issue "unlawful" when in fact the court held the tax lawful. Appellants also point to an error in the statement of facts undergriding this court's conclusion that the trial court's judgment should be affirmed. Appellants, hereafter denominated petitioners, urge that such errors materially influenced the outcome of the appeal and require reconsideration by the division of its holding, as well as suggest that certain of their arguments were not fully considered.

First, dealing with the clerical errors to be corrected, the word "unlawful" appearing in the middle of the first full paragraph in Part I of the division opinion, 458 A.2d at 732, describing the trial court's order, .

should have read "lawful"; and the word "unlawful" appearing on the ninth line of the last paragraph on 458 A.2d at 734 also should have read "lawful."

Next, we turn to the petitioner's assertion of factual error with respect to the orders entered by the trial court in the instant case.

## I.

There were three orders of the trial court relating to the requirement for individual administrative claims as a prerequisite to taxpayers' collecting refunds. On October 27, 1977, in ordering refunds for certain fiscal year taxpayers, the court stated that those taxpayers were entitled to refunds "provided they have complied with or comply with D.C.Code 1973, § 47–1586j." The taxpayers did not appeal from that order. On January 3, 1979, the trial court ruled that Kleiboemer's claim for refund on behalf of the class did not comply with § 47–1586j or with the order of October 27, 1977. A timely appeal was taken from the January 3 order on January 19 (No. 79–123) and again on May 7, 1979 (No. 79–547).[1] On September 24, 1981, the trial court ruled that timely individual administrative claims were a prerequisite for refunds, and that interest was to be computed from the date of the individual claims. A timely appeal was taken from that order (No. 81–1232) and was consolidated with the earlier appeals from the January 3 order.

The division stated in its opinion that an appeal was taken only from the September 24, 1981 rulings and that neither the October 27, 1977 order nor the January 3, 1979 order was appealed; in fact, the January 3 order *was* appealed.

The division concluded, 458 A.2d at 734 n. 4, that the class claim for refund filed by Kleiboemer does not satisfy § 47–1586j because (a) the plain language of the statute requires individual claims, (b) petitioners "did not appeal from the January 3 order,"

and (c) *Dellums v. Powell,* 184 U.S.App.D.C. 324, 566 F.2d 216 (1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3147, 57 L.Ed.2d 1161 (1978), cited in petitioners' brief on appeal, is distinguishable. Petitioners contend that, because the court viewed this issue as waived by failure to appeal, it was never considered on the merits, and the California cases cited in their brief were never considered.

However, the essential reason for the division holding was that the plain language of the governing statute required it. The additional two reasons referred to above were more in the nature of persuasive discussion. Moreover, the two principal California cases which petitioners contend the division should have discussed in the opinion are not precisely on point. *San Jose v. Superior Court of Santa Clara County,* 12 Cal.3d 447, 115 Cal.Rptr. 797, 525 P.2d 701 (1974); *Lattin v. Franchise Tax Board,* 75 Cal.App.3d 377, 142 Cal.Rptr. 130 (1977). The *San Jose* case concerned a statutory claim requirement as a prerequisite to the maintenance of a class action for damages, not as a prerequisite to collecting a tax refund. The statute at issue in that case (apparently a general claims statute), unlike the District of Columbia tax statute at issue here, expressly permitted a claim to be filed "by the claimant *or by a person acting on his behalf.*" *San Jose, supra* at 12 Cal.3d at 455, 115 Cal.Rptr. at 802, 525 P.2d at 706 (emphasis added). The *Lattin* case was very closely analogous to *District of Columbia v. Keyes,* 362 A.2d 729 (D.C.1976), *cert. denied,* 430 U.S. 968, 97 S.Ct. 1651, 52 L.Ed.2d 360 (1977), in that it concerned the requirement of an administrative claim for refund as a prerequisite to maintaining a class action challenging the validity of the tax, in contradistinction to an ancillary suit seeking recovery once the tax has been held invalid. *Lattin* relied almost entirely upon the *San Jose* case in holding that the administrative claim requirement would be

---

1. *The appeal taken on January 19 was an appeal only from the January 3 order. The second appeal was taken following the trial* court's decision of the case-in-chief and was consolidated with the first appeal.

satisfied for purposes of class action certification by a claim filed on behalf of the class.[2] As with the *San Jose* case, the context was thus different from that of the instant case, where the class action suit has already been decided and the issue is instead whether individual claims are required for recovery.

Further, although petitioners contend that the pertinent tax statute involved in *Lattin* was virtually identical to § 47–1586j, they cited only the portion of the California tax code which, like *part* of § 47–1586j, requires the claim to be in writing and to state the specific grounds for the claim. Petitioners did not mention that portion of the California tax code which, like § 47–1586j, requires a claim for refund to be filed "by the taxpayer."[3] Moreover, the policy considerations underlying both those California cases was governmental immunity, not exhaustion of administrative remedies. Those opinions held that substantial compliance with the claims statutes by the filing of a class claim was sufficient, but, as we have explained, for different purposes than in the instant case. Finally, even if we viewed those cases as persuasive, this court certainly need not follow them.

In reciting the factors in this case which weigh against permitting an exception, pursuant to *District of Columbia v. Green,* 310 A.2d 848, 856 (D.C.1973), to the requirement that an administrative claim be filed, as a prerequisite to suit, the division states, 458 A.2d at 735, in part incorrectly, that petitioners did not appeal from the October 27 and January 3 orders which made it clear that individual claims were required. Petitioners do not specifically address how this particular error here may have affected the rationale. However, deletion of the erroneous statement of fact from the opinion affects the list of equitable factors in this section only minimally. We are still left with the following:

> The tax was not initially held lawful until a year and one-half after it came due and that decision was promptly appealed, so that taxpayers might have pursued their administrative remedies with some hope of success.[4]

> Extensive notice of the claim requirement was given in the media, in business and professional publications, by mail, and in seminars.

> The trial court expressly held this notice to be sufficient.

> No appeal was taken from the October 27 order first giving petitioners notice that individual claims were required (and petitioners appeared to understand that the October 27 order did require individual claims).

At 458 A.2d at 735–36, in the discussion of equitable tolling, we explain that tolling is no longer proper once a final ruling ad-

---

**2.** Although the court in *Lattin* referred to the suit as seeking refunds for the class, the court stated that " 'the sole issue presented on this appeal is whether or not a class should be certified and represented by Appellants Lattin.' " 75 Cal.App.3d at 379, 142 Cal.Rptr. at 132. The plaintiffs in that case sought to have the applicable California tax statute declared unconstitutional.

**3.** Petitioners cited (Brief at 32) CAL.REV. & TAX CODE § 19055 (West 1970). The pertinent section of the California code, Cal.Rev. & Tax Code § 19053 (West Supp. 1970–82), *does,* like the D.C.Code, require a claim to be timely filed "by the taxpayer." However, as discussed above, *Lattin* dealt with the necessity of a claim's having been filed and rejected as a precondition to maintaining a lawsuit to recover upon payment of a tax which is void, pre-

sumably pursuant to Cal.Rev. & Tax Code § 19082 (West 1970) (creating the right of action after claim denied if tax void). *Lattin* did not concern the claim as a precondition actually to collecting a refund if the class suit were successful, as here; and the court in *Lattin* did not construe the California code provision which is the companion to that portion of § 47j–1586j at issue in this case.

**4.** The argument is made that once the trial court upheld the tax, most taxpayers would not likely have filed a claim at all, considering it pointless. It was not until 5 days after the expiration of the statutory period for filing claims for the 1975 tax year that a division of this court held the tax unlawful. However, this argument must be viewed in light of the considerable publicity surrounding this litigation and the claim requirement.

verse to the class is entered and becomes appealable (and is not appealed). We then reason, 458 A.2d at 736 n. 8, that the October 27, 1977, and January 3, 1979, orders were final and appealable with respect to the applicability of § 47–1586j and that tolling is not proper (since they were not appealed). Petitioners maintain that the division's decision on equitable tolling was materially and adversely influenced by the incorrect assumption that the January 3 order was not appealed when it was, in fact, promptly appealed.

Since the October 27 ruling was in the context of an order directing refunds for only a limited group of these taxpayers (1975 fiscal-year basis taxpayers), it might not be viewed, standing alone, as resolving the issue sufficiently for *all* affected taxpayers as to make clear that the class action would no longer protect their interests in this respect if the order were not appealed. *See Kleiboemer, supra,* 458 A.2d at 735–36 n. 7. Also, considering how the October 27 order was worded ("provided that" the taxpayers comply with the claim requirement), and considering that this part of the order *apparently* was not a major controversy, if at all, at the time (since the focus was on the validity of the tax), we recognize that the decision as to whether it was a final, appealable order was a close one. Further, petitioners contend that the October 27 order left open the question whether a class claim for refund satisfied § 47–1586j.

■ However, we still conclude that the October 27, 1977, order constituted a final order which should have been appealed if petitioners were to avail themselves of equitable tolling. Accordingly, since the filing deadline for the 1975 tax year did not expire until a year and one-half later, on April 15, 1979, equitable tolling is not appropriate. The order certainly settled the question finally for the taxpayers who were to get refunds at that time, and it put the petitioners on clear notice that compliance with § 47–1586j was required. The trial court cited *Keyes* in its October 27 order, and in so doing, it further signaled that

individual compliance was contemplated, because *Keyes* emphasized strict construction of tax refund statutes. The fact that petitioners vigorously pursued various avenues for notifying individual taxpayers of the requirement (even though they urged the sufficiency of a class claim) indicates that they understood the October 27 order, literally read, to require individual claims.

## II.

Finally, we turn to several additional assertions of error raised in the petition for rehearing:

■ At 458 A.2d at 735, the division states that "appellants conceded the necessity of claims for refund soon after the October 27 order issued." We cite to petitioners' motion for an order compelling the District to include notice to taxpayers of the filing requirement in the December 1978 tax mailings. Petitioners argue that they took such action only out of an abundance of caution, to protect their clients' interests. However, in that motion petitioners referred to the October 27 order and described the administrative "claims" (not singular, as if they believed a single class claim might suffice) as being "necessary." Since only the petitioners themselves can say how they construed the October 27 order at that time, perhaps to say that they "conceded" the issue was to use too strong a word. However, their actions in pursuing individual notice, and their language in this motion, are a fair indication that they understood individual notice to be required and therefore should have appealed the October 27 order. The District cites to the transcript of October 7, 1978, at 39, where counsel for petitioners described the October 27 ruling as specifically requiring the "members of the class" (not the class as an entity) to comply with § 47–1586j, as support for this reading as to how the October 27 ruling was understood by petitioners.

■ Petitioners contend as well that the division opinion failed to address their argument that members of the class, having been bound by the trial court judgment

adverse to them until this court reversed it (*after* the statutory period for claims expired), would be denied due process if they were denied the benefits of this court's final judgment holding the tax illegal. This argument was made in less than 3 pages of a 49-page brief. No cases were cited in direct support of the argument, and it was essentially urged that it would be extremely harsh and fundamentally unfair to reach the result the division did reach. This argument *was* addressed in the division opinion, 458 A.2d at 735 n. 6, in which we state that, because the trial court decision was appealed and subject to reversal, this contention was unpersuasive. We remain of that view.

Petitioners also make several arguments in which they urge that the division erred in concluding that interest on the amounts refunded to most taxpayers runs from the dates they filed individual claims for refund, rather than from the dates they paid the tax. We have thoroughly considered each of petitioners' arguments on the interest issue and find them insubstantial.[5] The division opinion rests upon a straightforward reading of D.C.Code § 47–2413(c) (1973).

In sum, therefore, each of petitioners' assertions of error is either unfounded or had no substantial impact upon the division's holdings. Accordingly, the petition for rehearing is denied.

*So ordered.*

---

**5.** Petitioners maintain that the division opinion disregards the differences between subsection (c) and other subsections of § 47–2413. However, it is precisely because the other subsections of § 47–2413 pertain to subject matter affecting only individual taxpayers that we concluded subsection (c) also must concern only individual taxpayers. Petitioners also argued at length that the fiscal concerns of the District are entirely different with respect to interest than in the context of the main claim for a refund. However, this argument overlooks the fact that a greater sum of money is at stake for the District on the interest issue than on the question of recovery on the main claims. Brief for Appellee at App. 1. With respect to petitioners' contentions concerning the use of legislative history in the division opinion, we note that the language of § 47–2413(c), in the context of the entire section, has a plain and natural meaning. Petitioners' position, *viz.*, that the petition filed in April 1976 in this case fulfilled the statutory requirement, is arguable only because of the omission of specific reference to the individual taxpayer.