Filed 12/3/20  Squillacote v. Boval CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THERESE SQUILLACOTE, | |
| Plaintiff and Appellant, | G058336 |
| v. | (Super. Ct. No. 30-2018-00978676) |
| BRUNO ALAN BOVAL, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Elizabeth Grace, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Therese Squillacote, in pro. per, for Plaintiff and Appellant.

Kerendian & Associates, Inc., Shab D. Kerendian and Craig O. Cawlfield for Defendant and Respondent.

## INTRODUCTION

Appellant Therese Squillacote, proceeding in propria persona, sued respondent Bruno Alan Boval for various claims arising out of what she claims was botched dental implant work.  She failed, however, to make a timely opposition to respondent's motion for summary judgment and the trial court granted the motion.  She argues that was error, but we cannot find fault with it.

## FACTS

Appellant had dental implant work done at La Habra Dental Care.  On March 5, 2018, she filed a form complaint naming respondent as defendant and alleging that he did business under the fictitious name "La Habra Dental."  The form complaint contained causes of action for breach of contract, common counts, and fraud.  Appellant alleged she had paid in full for dental implants based on respondent's promise that La Habra Dental Care would give her a "Hollywood Smile" and help her avoid future dental costs.  Instead, she alleged, the implants had left her in pain and unable to properly eat.  Respondent allegedly refused to address these issues.  As a result, appellant suffered pain, humiliation, and embarrassment.

In December 2018, respondent filed motions to compel certain basic written discovery including a motion to deem requests for admission (RFA's) admitted.  Among other things, the RFA's asked appellant to admit she had no contract with respondent, he did not give her dental treatment and never promised to perform any such treatment.  Appellant did not timely respond to the RFA's, but instead e-mailed late responses to respondent's counsel in October 2018.  Her responses did not contain a separate verification, but she did include a statement under penalty of perjury and electronic signature.  Respondent argued these responses were not verified.  The trial court granted respondent's motion and deemed the RFA's admitted against appellant.

Shortly after the order issued, respondent filed a motion seeking summary judgment, or alternatively, summary adjudication as to all three causes of action in the

2

complaint. He argued the allegations in the complaint against him were false, and to the extent appellant was alleging a claim for dental malpractice, her claim was also barred by the applicable statute of limitations. The main pieces of evidence supporting the motion were respondent's declaration and a request for judicial notice of papers filed in connection with his motion to deem RFA's admitted.

In his declaration, respondent denied everything. He was not a dentist, he said, and he had never done business under the name La Habra Dental "or any variant thereof." He was, however, the office manager at La Habra Dental Care from October 2010 to September 2014, and remembered meeting appellant on a few occasions in 2013 and 2014 to discuss her plan to have partial implants. The way respondent tells it, any conversations he had with appellant were purely in his administrative capacity as office manager and he made no personal promises to her. He says he never made representations about future consequences of getting the implants, and he did not enter into an agreement with her. He denied receiving any money from her and denied telling her she would get a "Hollywood Smile" by way of the procedure. He further denied creating any advertising about dental implants. He was unaware of anyone at La Habra Dental Care who had made the alleged representations to appellant, though he acknowledged she may have had a contract with the office, which he would have expected to be in writing. He understood appellant had undergone the partial dental implant procedure in October 2015, but by March 2017, he was no longer working at the office.

Appellant did not timely respond to the motion. Instead, on the date of the hearing, she filed a declaration faulting counsel for failing to meet and confer with her and asking for latitude given her self-represented status. She did not submit any evidence opposing the motion, and she did not request a continuance of the hearing in order to do so. She appeared at the hearing but because there was no court reporter present, it is unclear what was said.

After taking the matter under submission, the trial court granted the motion, finding respondent's declaration sufficient to meet his moving burden to negate critical elements of each of appellant's claims. The trial court also granted respondent's request for judicial notice as to the motion to deem RFA's admitted.

Almost a month after the ruling was issued, appellant filed an objection to the proposed judgment. This filing contained evidence and appears to be appellant's untimely attempt to substantively oppose the motion for summary judgment. The trial court overruled the objections and entered judgment in favor of respondent. This timely appeal followed.

## DISCUSSION

Our review of the trial court's grant of summary judgment is de novo. (*See Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "Where, as here, the motion for summary judgment is unopposed, the moving party may still not be granted summary judgment unless his papers clearly establish that there is no triable issue of fact and he is entitled to judgment." (*Harman v. Mono General Hospital* (1982) 131 Cal.App.3d 607, 613.) We are forced to conclude they do here.

We start by addressing appellant's apparent attempt to oppose the motion for summary judgment by way of documents filed just prior to the hearing or after the ruling had been made. The opposing party on summary judgment has only two options: file a timely response or make a timely request for continuance. (See Code Civ. Proc., § 437c, subds. (b)(2) & (h).) This is a legal requirement, but it is also common sense: when the other side wants to throw your case out of court you have to do something to stop it or ask for more time to do something to stop it. Appellant here did neither. Therefore, the trial court had broad discretion as to whether it chose to consider any late-filed paper. (See *Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) There is nothing in this record to show the court abused that discretion.

4

Appellant spends considerable time in her brief arguing that, as a self-represented litigant, she was and is at a disadvantage. This is true, but it is something we can do little about. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 . . . .) Indeed, '"the in propria persona litigant is held to the same restrictive rules of procedure as an attorney."' (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125–1126 . . . .)" (*First American Title Co v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) Our courts have gone to great lengths to provide self-help centers and services for people who represent themselves, but we have to be fair not only to them, but to their opponents.

Appellant's complaint names "Bruno Boval (dba: La Habra Dental)" as the defendant. So it would appear respondent was sued insofar as he goes by the fictitious business name of La Habra Dental. Respondent denied doing business under the fictitious business name "La Habra Dental Care" or any version of that name. He averred that he was merely the office manager for that dental practice. So respondent demonstrated that he is not liable for the acts of the dental practice, and appellant failed to timely present any evidence to refute that showing. As a result, respondent could only be liable for his own individual wrongs, if any.

So we go through appellant's causes of action in parallel with respondent's moving evidence to determine if any individual claims against *respondent,* Bruno Boval as an individual*,* remain viable, mindful that "the pleadings determine the scope of relevant issues on a summary judgment motion." (*Nieto v. Blue Shield of California Life & Health Ins. Co.* (2010) 181 Cal.App.4th 60, 74.)

In her breach of contract claim, appellant alleges she paid in full for dental implants and was told they would eliminate the need for future work and respondent refused to address the problems caused by the earlier work. The problem is that a breach

5

of contract claim cannot exist without an actual contract, and that contract must be supported by consideration to be enforceable. (*See Miles v. Deutsche Bank National Trust Co.* (2015) 236 Cal.App.4th 394, 402; Civ. Code, § 1550.) Respondent averred he was the office manager at the dental practice, so he never performed or agreed to perform any services for appellant and he never received any payment from her. As such, he met his moving burden to show the lack of an enforceable contract between himself and appellant. Appellant did not say anything different in the time she was given, nor did she ask for more time.

The common counts cause of action is premised on respondent's having received monies paid by appellant for the dental work. But again, respondent denies having received any money or having performed any work and there was no opposing evidence before the trial court showing he did.

The only remaining claim is for fraud. Appellant alleges all three types of fraud – misrepresentation, concealment, and promissory fraud.

As to the first and the third, she alleges respondent promised her implants would provide a "Hollywood Smile" and eliminate future dental costs and instead they only caused her pain. Respondent denies making any such promises, and again the court had nothing before it to establish anything different. As there can be no breach of contract without a contract, there can likewise be no intentional misrepresentation without a representation. We also question whether the "Hollywood Smile" statement is even actionable, as it would seem to be a statement which amounts only to puffery or sales talk. (See, e.g., *Lathrop v. National Sugar Co.* (1911) 16 Cal.App. 350, 352-353 [defendant held not liable for statement that company's sugar processing method was "the greatest invention in existence"].)

As to the second and third, she alleges respondent "made further promises to repair, then ignored" her requests for help. Again, respondent denies having made these promises and, lacking opposition to respondent's denial, the claims consequently

6

fail.[1]  In the absence of timely participation by appellant, the court did the only thing it could do.

This is an unfortunate result.  If appellant had actionable claims against La Habra Dental, the law favors their resolution on the merits.  But we have no power to intercede when the trial court has handled the matter correctly, and we can find nothing incorrect here about granting an unopposed summary judgment motion.  We can only lament appellant's inability to find legal representation which might well have avoided this result.

### DISPOSITION

The judgment is affirmed.  Respondent to recover costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

GOETHALS, J.

---

[1]  The concealment claim also fails because appellant never alleges that any information was actually concealed from her, or what such information was.