[No. F011643. Fifth Dist. Apr. 19, 1990.]

RENE E. DIXON, Plaintiff and Appellant, v.
CITY OF TURLOCK, Defendant and Respondent.

COUNSEL

Clifford L. Woodall for Plaintiff and Appellant.

Kroll, Loeffler & Waggoner, Michael G. Loeffler and David Cervantes for Defendant and Respondent.

OPINION

**MARTIN, Acting P. J.**—This is an appeal from the dismissal of an action for personal injuries against the City of Turlock (respondent), after a general demurrer was sustained without leave to amend on the basis that neither the original claim nor the amended claim was filed within one year of the accrual of the alleged cause of action.

## CASE AND FACTS

On December 17, 1986, appellant fell and was injured, allegedly, as a result of the respondent's negligent maintenance of the sidewalk adjacent to

Cunningham School. On December 18, 1987,[1] appellant submitted a claim against respondent[2] and on January 7, 1988, submitted an amended claim alleging recently discovered additional injuries.[3] Both appellant and respondent assert that the amended claim was rejected by notice mailed on January 20, 1988, which contained the warning required by Government Code section 945.6, i.e., that plaintiff had six months in which to file a court action.[4]

Both respondent and appellant assert that the instant action was filed on June 6, 1988 (although the original complaint does not appear in the record), and a first amended complaint was filed on August 23, 1988. A demurrer to the amended complaint was filed by respondent on the ground that no claim was filed within one year of the alleged injury. The demurrer was sustained without leave to amend on October 6, 1988.

## DISCUSSION

### WHETHER THE TRIAL COURT PROPERLY SUSTAINED THE DEMURRER WITHOUT LEAVE TO AMEND

Appellant contends respondent is barred from asserting the untimeliness of the claim as a defense pursuant to section 911.3, subdivision (b) because in giving appellant notice she had six months to file a court action, respondent consented to be sued.

In 1963 the California Legislature enacted a comprehensive set of governmental liability statutes and repealed much inconsistent legislation. The revision gave legislative approval to the judicial repudiation of sovereign immunity and also eliminated common law liabilities of the state and local entities for proprietary acts. Now, all public entities, state and local, are liable in tort to the extent declared by statute, and have certain statutory immunities and defenses. (§ 815; 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 129, pp. 209-210.)

Section 911.2, which governs suits against public entities, provides in part: "A claim relating to a cause of action for death or for injury to person

---

[1] Both the appellant's opening brief and the respondent's brief erroneously give the date of December 17, 1987, as the date appellant submitted her claim against respondent.

[2] Both the appellant and respondent assert that this original claim was refused as being presented in an untimely manner on January 4, 1988. This notification does not appear in the record.

[3] The amended claim alleges: "I did not know cartilage was torn until October 1987[.] Surgery done Nov[.] 3, 87 [sic]."

[4] All statutory references are to the Government Code unless otherwise indicated.

or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months[5] after the accrual of the cause of action. . . ." Section 911.4 states that when a claim is not presented within the six months allotted, the claimant may present a written application to the public entity for leave to present such (late) claim. Such application shall be presented "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."

If a claim is filed, the board must act upon it within 45 days of its presentation, or it is deemed rejected. (§ 912.4.) If the claim is rejected by action or inaction, written notice must be given, warning the claimant of the six-month period for filing a court action. (§ 913.) If the claim is presented outside of the six-month limit and no application for leave to file a claim is presented, the board may "at any time within 45 days after the claim is presented, give written notice to the person presenting the claim that the claim was not filed timely and that it is being returned without further action." (§ 911.3, subd. (a).)

"Any defense as to the time limit for presenting a claim . . . is waived by a failure to give the notice . . . within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." (§ 911.3, subd. (b).)

With certain exceptions not pertinent here, "Any suit brought against a public entity on a cause of action for which a claim is required to be presented" must be commenced:

"(1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.

"(2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action." (§ 945.6, subd. (a).)

The lower court sustained the demurrer without leave to amend when counsel for appellant acknowledged that no claim had been filed within one year from the date of accrual of the cause of action.

---

[5] Section 911.2 was amended in 1987. Said amendment substituted the words "six months" for "the 100th day." (Historical Note, 32 West's Ann. Gov. Code (1980 ed.) § 911.2.) The applicability of the amendment in the instant case is not before us and is not addressed.

■ Section 911.3 sets forth the notice procedure the public entity must follow when it determines that a claim has not been timely filed. Prior to the Legislature's adoption of section 911.3, the public entity was not required to specify the reason for rejection when the claim was returned as untimely. (See *Dujardin* v. *Ventura County Gen. Hosp.* (1977) 69 Cal.App.3d 350, 360 [138 Cal.Rptr. 20]; *McLaughlin* v. *Superior Court* (1972) 29 Cal.App.3d 35, 38-39 [105 Cal.Rptr. 384].) In those cases, the claimant was misled as to the available remedy when the public entity returned the claim as "rejected" while in fact it was returned as untimely.

The purpose of the section 911.3 notice is to assure that the claimant distinguishes between a claim rejected on its merits and one returned as untimely. Thus, the claimant is informed as to which procedure to pursue. (*Rason* v. *Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 830 [247 Cal.Rptr. 492].)

Although the trial court is silent as to which code section upon which it relied, appellant asserts the trial court sustained the demurrer because the claim was filed later than one year from the accrual of the cause of action as called for in Government Code section 911.4.[6] It is appellant's position that section 911.4 is inapplicable to the instant case because appellant did not file an application for leave to present a late claim. Both appellant and respondent agree that appellant did not file an application for leave to present a late claim. Therefore, according to appellant, it was appropriate for appellant to file an amended claim and by respondent's notification that appellant had six months in which to file a complaint against the public entity in court, respondent waived a defense based on timeliness of filing the claim and consented to be sued. Appellant asserts that the permissive language in section 911.4 suggesting that a claimant *may* request permission to file a late claim clearly does not require the claimant to do so. We note, however, the notice required by section 911.3, also enacted by the Legislature, informs the claimant that its "only recourse" once an untimely claim has been rejected is to apply for leave to present a late claim. (§ 911.3.)[7]

---

[6] Section 911.4 provides:

"(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within such time, a written application *may* be made to the public entity for leave to present such claim.

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim . . . ." (Italics added.)

[7] Section 911.3 provides: "(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is presented after such time without the application provided in Section 911.4, the board or other person designated by it *may*, at any time within 45 days after the claim is presented, give written notice to the

According to appellant, because respondent failed to reject the amended claim as being untimely in accordance with the provisions of section 911.3 the provisions of section 911.4 are inappropriate and irrelevant since section 911.3, subdivision (b) provides that any defense based on timeliness is waived.

If we were to construe the amended claim as an application for leave to present a late claim, there is no question that the filing of the amended claim outside the one-year period is untimely and section 911.4 allows the public entity no discretion to grant leave to file a late claim at that time. (*Harman v. Mono General Hospital* (1982) 131 Cal.App.3d 607 [182 Cal.Rptr. 570].) However, both appellant and respondent repeatedly and consistently assert that no application for leave to present a late claim was ever filed.

Both parties agree that the original claim was rejected on the basis of untimeliness and appellant does not assert that the original rejection was deficient. The rejection notice is not included in the record. Assuming the original claim was properly rejected in full compliance with section 911.3, and as noted appellant does not contend otherwise, there is no reason for the warning of timeliness to be repeated as an amended claim relates back to the original claim. (See, e.g., *Coronet Mfg. Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342, 345 [153 Cal.Rptr. 366].) Thus, it appears appellant had actual notice regarding the untimeliness of her claim and no waiver occurred.

In *Rason* v. *Santa Barbara City Housing Authority, supra*, 201 Cal.App.3d 817, the Second District Court of Appeal, Sixth Division, declared that the "late claims procedure is not the 'only recourse . . .' " for

---

person presenting the claim that the claim was not filed timely and that it is being returned without further action. The notice shall be in substantially the following form:

" 'The claim you presented to the (insert title of board or officer) on (indicate date) is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

" 'Your *only recourse at this time* is to apply without delay to (name of public entity) for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney you should do so immediately.

"(b) Any defense as to the time limit for presenting a claim described in subdivision (a) is *waived* by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant." (Italics added.)

a claimant who disputes the determination that the original claim was untimely. (*Id.* at p. 828.) In that case, the court recommended the "cautious claimant who wishes to preserve both issues of timeliness and of excusable lateness must file a complaint in court and a section 911.4 application with the public entity." (*Ibid.*) *Rason* thus disagreed with *Reyes* v. *County of Los Angeles* (1988) 197 Cal.App.3d 584, 596 [243 Cal.Rptr. 35], in which the Third Division of the Second District Court of Appeal suggested in footnote 5 that the complainant is held to an exclusive choice of remedies in deciding between a section 946.6 petition or a complaint for damages.

The instant case is distinguishable from *Rason*. Here, appellant never filed a section 911.2 or a section 911.4 application within one year after the accrual of the cause of action. Thus, by the specific statutory language here involved, appellant's claim was time barred and neither the respondent public entity nor the courts had any discretion to waive or otherwise relieve appellant's failure to file a timely claim or application. Appellant's argument must fail.

### Consent

Appellant contends, as stated previously, that in notifying appellant that she could file a lawsuit within six months the respondent consented to being sued and therefore cannot assert the defense of untimeliness. To begin, the proposition does not necessarily correlate with the proposed result. If the notice can be construed as a consent to being sued, it does not necessarily mean that respondent waived its defenses, including that of untimeliness. Also, as we have discussed, this was an attempted amended claim which relates back to the original claim which, according to the parties, was refused on January 4, 1988, for being presented in an untimely manner, i.e., too late. Thus, in effect, the attempted amended claim submitted on January 7, 1988, was a nullity upon which respondent need not have taken any action whatsoever and the sending to appellant of the questioned "notice" was equally meaningless. At that point in time appellant had no active claim against respondent upon which appellant could act or pursue any remedy. Thus, the so-called "amended claim" and the subsequent response had no force and effect. Appellant's proposed construction of the subject statutes and their application to the facts of the instant case is strained and illogical and must be rejected. To conclude otherwise would permit the frustration of the statutory scheme by the simple refiling of a repetitious claim.

The judgment is affirmed.

Ardaiz, J., and Dibiaso, J., concurred.