[No. H005295. Sixth Dist. May 18, 1990.]

RUDY SANTEE et al., Plaintiffs and Appellants, v.
SANTA CLARA COUNTY OFFICE OF EDUCATION, Defendant
and Respondent.

706

**COUNSEL**

Bostwick, Rowe & Janoff, Bostwick & Rowe and Jeffrey D. Janoff for Plaintiffs and Appellants.

Hoge, Fenton, Jones & Appel and Robert B. Burchfiel for Defendant and Respondent.

**OPINION**

**ELIA, J.**—This appeal arises out of the failure of appellants to comply with the claim presentation requirements of the Tort Claims Act (Gov. Code, § 900 et seq.).[1] Appellants filed an application for leave to present a late claim (late-claim application) with the wrong public entity, which granted the application but later notified appellants that it was the wrong entity. Despite this knowledge appellants did not contact or attempt to file a late-claim application with the correct public entity until well over one year after the wrongful act occurred. The trial court denied appellants' petition for relief from the claim presentation requirements as well as their motion for reconsideration. Appellants argue their late-claim application was

[1] Subsequent unspecified section references are to the Government Code.

timely as a result of its acceptance by the wrong public entity or by reason of their physical or mental incapacity. Appellants also propose the evidence showed they actually filed a timely claim with the correct public entity. As these contentions lack merit we will affirm.

### Statutory Framework of Claim Presentation

Since the issues raised in this appeal relate to the claim presentation requirements of the act, we here set forth its relevant provisions.[2] No suit for damages may be maintained against a public entity unless a claim has first been presented to it. (§ 945.4.) A claim relating to a cause of action for personal injury must be delivered to the clerk, secretary, or auditor of the public entity or mailed to one of those persons at the public entity's principal place of business (§ 915, subd. (a)) not later than the 100th day (now 6 months) after the accrual of the cause of action (§ 911.2). A cause of action accrues for purposes of the claim presentation requirements on the same date a similar cause of action against a nonpublic entity would be deemed to accrue for purposes of applying the relevant statute of limitations. (§ 901.) If the claim is not presented within 100 days the injured party must file with the public entity a late-claim application within a reasonable time not to exceed 1 year after accrual of the cause of action. (§ 911.4.) The one-year limit is tolled during such time as the injured party is "mentally incapacitated." (§ 911.4, subd. (b).) The governing board of the public entity is required to grant the late-claim application where (1) the claim was not presented within 100 days due to the claimant's mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced (§ 911.6, subd. (b)(1)), or (2) the claim was not presented within 100 days by reason of the claimant's physical or mental incapacity (§ 911.6, subd. (b)(3)). If the late-claim application is denied, the injured party may petition the superior court for relief from the claim presentation requirements (claim-relief petition). (§ 946.6, subd. (a).) In order to obtain relief, the injured party generally must establish facts which would have entitled him or her to have the late-claim application granted by the governing board of the public entity. (§ 946.6, subd. (c).) ■ In ruling on a claim-relief petition, the "court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional

[2] Several of the act's provisions were amended in 1987. The amendments do not apply herein because they took effect after appellants' causes of action accrued in May 1986. (See Stats. 1987, ch. 1208, § 11 [Jan. 1988 is effective date of 1987 amends.].)

The most significant amendment was the extension of the time within which a claim must be presented to the public entity from 100 days to 6 months. Otherwise, the amendments did not make any substantive changes affecting the legal principles we discuss.

evidence received at the hearing on the petition." (§ 946.6, subd. (e).) Where no testimony is received, the trial court may rule on the basis of the petition and any declarations. (*County of Santa Clara* v. *Superior Court* (1971) 4 Cal.3d 545, 553-554 [94 Cal.Rptr. 158, 483 P.2d 774].) ■ The trial court's decision will not be disturbed on appeal absent an abuse of discretion, but a "decision denying relief will be scrutinized more carefully than an order granting relief. [Citation.]" (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276 [228 Cal.Rptr. 190, 721 P.2d 71].)

### *Facts and Proceedings*

On May 23, 1986, appellants Rudy Santee and Laneen Firth were in an automobile allegedly rear-ended at a stoplight by a school bus owned by Santa Clara County Office of Education (respondent) and operated by one of its employees. On October 3, 1986, over 100 days after the accident, appellants through counsel filed a claim as well as a late-claim application with the Santa Clara Board of Supervisors (Board) rather than respondent. On October 20, 1986, the claims supervisor for the Board accepted the late-claim application but denied the claim itself.

Appellants filed a complaint against respondent on February 13, 1987, but attempted to serve the summons and complaint on the Board rather than respondent. On March 10, 1987, the Board informed appellants' counsel that it would not accept service on behalf of respondent because respondent was a separate public entity. The Board also informed counsel that it would forward a declaration from an assistant county executive confirming the status of the entities. At that time the one-year anniversary of the accident was over two months away. On April 30, 1986, the Board wrote counsel and enclosed the declaration in which the assistant county executive declared that the Board and respondent were separate and distinct public entities. Attached to the declaration was a copy of a detailed 1973 Board resolution transferring to respondent "those functions permitted by law to be exercised by the [Board] . . . ."

Appellants, though, did not contact respondent until October 14, 1987, nearly 17 months after the accident, by serving it with the summons and complaint. On October 22, 1987, appellants sent respondent a letter with an enclosed copy of the claim and late-claim application which had been presented to the Board over one year earlier.[3] Respondent answered the

---

[3] According to appellants' counsel, he did not contact respondent until this time because he was informed that the Board as a courtesy would forward its file to respondent to answer the complaint. Counsel served the summons and complaint on October 14th because respondent

complaint in November 1987. In December 1987 respondent rejected the October 22, 1987, late-claim application.

In May 1988 appellants filed the instant claim-relief petition based on the above facts. The trial court ultimately denied the petition. Appellants moved for reconsideration on the ground that they had filed a timely claim within one month of the May 23, 1986, accident. The factual basis of the motion was a letter written to appellant Laneen Firth by respondent's claims supervisor. Appellants argued that this letter, which appeared to have been written in response to a claim by Firth, demonstrated that appellants had submitted a timely claim to respondent, thus eliminating the need for either a late-claim application or claim-relief petition.[4] The claims supervisor submitted a declaration in opposition stating the routine letter was mailed in response to her receipt of an accident report and not as a result of any claim. Firth submitted a declaration in reply stating she had in fact sent a claim to respondent although she no longer had a copy of it. The court denied the motion for reconsideration.

This appeal is taken from both the order denying the petition and the order denying reconsideration. Additional facts are set forth below where relevant.

## Scope of Appeal

■ An order denying a claim-relief petition is an appealable order because it effectively determines a petitioner's right to relief from the claim presentation requirements. (Code Civ. Proc., § 577;[5] *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69, 73-75 [67 Cal.Rptr. 686]; *Harman* v. *Mono General Hospital* (1982) 131 Cal.App.3d 607, 613 [182 Cal.Rptr. 570].) ■ An order denying a motion for reconsideration thereof which raises new facts is also appealable. (Code Civ. Proc., § 904.1, subd. (b); *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 477, fn. 2 [121 Cal.Rptr. 477, 535 P.2d 341]; but see *Rojes* v. *Riverside General Hospi-*

---

had not filed an answer. Counsel then discovered the Board's file had not been forwarded to respondent. This discovery prompted the October 22d letter to respondent.

[4] The preprinted form letter was hand-addressed to Firth and stated in part: "Please be advised that we are the administrators of claims for the [Santa Clara County Office of Education], and that the claim recently submitted by you has been referred to us for handling. [¶] In order for us to properly evaluate your claim, would you please do the following: . . . Submit two written estimates to the attention of the undersigned."

[5] Section 577 provides: "A judgment is the final determination of the rights of the parties in an action or proceeding." A claim-relief petition is a "special proceeding." (Code Civ. Proc., §§ 21-23; *County of Sacramento* v. *Superior Court* (1974) 42 Cal.App.3d 135, 140 [116 Cal.Rptr. 602], and cases there cited.)

*tal* (1988) 203 Cal.App.3d 1151, 1160-1161 [250 Cal.Rptr. 435] [order denying motion for reconsideration is nonappealable but may be reviewed on appeal from denial of petition].) Therefore, both the order denying the petition and the order denying reconsideration are subject to our review.

■ The instant proceeding, though, is slightly different from the usual appeal from an order denying a claim-relief petition in that appellants also raised the issue of timely compliance with the claim presentation requirements. Authority diverges on whether the trial court has the power to determine the issue of a claim's timeliness in a claim-relief proceeding. Resolving this preliminary issue clarifies the scope of this appeal.

One line of cases states that the trial court lacks power to determine an issue of timely filing (or the related issue of substantial compliance) because the claim-relief proceeding by definition assumes that a claim was *not* timely filed. (*Ngo* v. *County of Los Angeles* (1989) 207 Cal.App.3d 946, 950-951 [255 Cal.Rptr. 140]; *Rason* v. *Santa Barbara City Housing Authority* (1988) 201 Cal.App.3d 817, 827-828 [247 Cal.Rptr. 492].) These cases indicate that the issue should be resolved in the main action against the public entity (as opposed to the claim-relief proceeding) either by way of demurrer, summary judgment or trial. (See, e.g., *Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 783-784 [155 Cal.Rptr. 146].) Another line of cases indicates that the issue of timely filing is not beyond the jurisdiction of the court in a claim-relief proceeding. (*Reyes* v. *County of Los Angeles* (1988) 197 Cal.App.3d 584, 593-594 [243 Cal.Rptr. 35]; *County of Los Angeles* v. *Superior Court* (1985) 169 Cal.App.3d 1095, 1100-1101 [215 Cal.Rptr. 699].)

We think the rule stated in the first line of cases is too broad and agree with Professor Van Alstyne that the issue of timely filing of a claim may be determined in a claim-relief proceeding. (Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) Claims and Actions, § 5.48, pp. 509-510.) Furthermore, since the right to trial by jury does not extend to a claim-relief proceeding (*County of Sacramento* v. *Superior Court, supra*, 42 Cal.App.3d at p. 140, and cases there cited; cf. *Crouchman* v. *Superior Court* (1988) 45 Cal.3d 1167, 1174 [248 Cal.Rptr. 626, 755 P.2d 1075]), the trial court may make factual determinations relating either to timeliness of a claim or to substantial compliance with the claim presentation requirements. Of course, this is not to say that the question of timely filing *must* be determined in a claim-relief proceeding or that the court in all cases may make factual determinations regarding compliance with the claim presentation requirements. ■ ■ ■ ■ We can envision certain cases, such as where the date of the accrual of the cause of action is disputed, where the

related issue of timeliness of the claim should be postponed, upon appropriate demand by a petitioner, to a determination by the jury as in cases involving private defendants. (*Ngo* v. *County of Los Angeles, supra,* 207 Cal.App.3d at pp. 949-951.)[6]

█ In the present case, appellants raised the issue first in their reconsideration motion, argued it fully in the trial court, and submitted it to us without reservation or argument that the issue remains pending below. Therefore we conclude the issue of timely filing of the claim is before us in this appeal.

### The Purported Claim

█ Appellants propose they complied with the former 100-day (now 6-month) claim presentation requirement (§ 911.2) when Firth sent a letter to respondent within 30 days of the accident. The only evidence to support this argument was Firth's declaration stating she had contacted Santa Clara County and sent a letter advising of the claim and the form letter from respondent's claims supervisor stating in part that "the claim recently submitted by you has been referred to us for handling." This showing was countered by the declaration of the claims supervisor herself stating it was normal practice to send such letters whenever there was an accident report and that her letter had not been sent in response to a claim.

We do not believe the trial court abused its discretion by implicitly concluding that no claim had been filed. Appellants' counsel, in the initial late-claim application filed with the Board in October 1986, stated that he had "advised [appellants] of their obligations concerning the filing a claim," yet Firth did not recall she had sent a letter to the Board until after the claim-relief petition was denied two years later. █ Although Firth also declared she did not remember sending a letter until she discovered the claims supervisor's letter in her files after the claim-relief petition was initially denied, we believe the delay, coupled with the claims supervisor's declaration, provided an adequate basis for the court to

---

[6]We also think that the careful practitioner will allege timely filing of a claim in the complaint, if appropriate, and also file a claim-relief petition if there is any question concerning compliance with the claim presentation requirements. (See Van Alstyne, *supra,* § 5.48, pp. 509-510.) We therefore respectfully disagree with the suggestion in *Reyes* v. *County of Los Angeles, supra,* 197 Cal.App.3d at page 596, footnote 5, that the filing of a claim-relief petition is an election of remedies which precludes the petitioner from filing and pursuing a separate complaint alleging timely compliance. (Cf. *Ngo* v. *County of Los Angeles, supra,* 207 Cal.App.3d at p. 951.)

conclude that Firth had not sent a claim to respondent. (Cf. *Ruffino* v. *City of Los Angeles* (1964) 226 Cal.App.2d 67, 68-70 [37 Cal.Rptr. 765].)[7]

### *Substantial Compliance*

■ Since no claim was filed within 100 days of the accident the next issue is whether appellants filed a late-claim application within a reasonable time not exceeding 1 year after the accrual of their causes of action. (§ 911.4.) The issue is significant because filing a late-claim application within one year is a jurisdictional prerequisite to a claim-relief petition. (*Dixon* v. *City of Turlock* (1990) 219 Cal.App.3d 907, 911 [268 Cal.Rptr. 510]; *Hom* v. *Chico Unified School Dist.* (1967) 254 Cal.App.2d 335, 339 [61 Cal.Rptr. 920].)

■ Appellants argue that their filing of the late-claim application with the Board and its acceptance thereof substantially complied with the claim presentation requirements. Under the doctrine of substantial compliance the court may conclude a claim is valid if it substantially complies with all of the statutory requirements for valid claim even though it is technically deficient in one or more particulars. (*City of San Jose* v. *Superior Court, supra*, 12 Cal.3d at pp. 455-457.) The doctrine is based on the premise that substantial compliance fulfills the purpose of the claims statutes, namely, to give the public entity timely notice of the nature of the claim so that it may investigate and settle those having merit without litigation. (*Id.* at p. 455; cf. *Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 707 [263 Cal.Rptr. 119, 780 P.2d 349].) The doctrine of substantial compliance is normally raised where a timely but deficient claim has been presented to the public entity. Here, though, we are dealing with a *late-claim application* which was apparently *sufficient* because it was accepted by the Board. Putting aside the question whether the doctrine of substantial compliance extends to these circumstances, appellants' argument fails because the doctrine is inapplicable where the claim is presented to the wrong entity. (*Jackson* v. *Board of Education* (1967) 250 Cal.App.2d 856, 860 [58 Cal.Rptr. 763] [service of claim on city insufficient where correct public entity was city board of education]; cf. *Jamison* v. *State of California* (1973) 31 Cal.App.3d 513, 516-518 [107 Cal.Rptr. 496].) Here the unchallenged evidence showed that

---

[7] We also reject the suggestion that compliance was excused because the supervisor's letter showed that respondent had knowledge of appellants' potential claims. "It is well-settled that claims statutes must be satisfied even in the face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge—standing alone—constitutes neither substantial compliance nor basis for estoppel. [Citations.]" (*City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 455 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223]; accord *State of California* ex rel. *Dept. of Transportation* v. *Superior Court* (1984) 159 Cal.App.3d 331, 335 [205 Cal.Rptr. 518].)

the Board and respondent were two distinct public entities. Presentation of the late-claim application to the Board was therefore insufficient. (*Jackson v. Board of Education, supra,* 250 Cal.App.2d at pp. 858-860; cf. *City of San Jose v. Superior Court, supra,* 12 Cal.3d at pp. 456-457.)

Appellants' reliance on *Bettencourt v. Los Rios Community College Dist., supra,* 42 Cal.3d at p. 276, is misplaced because the court there held relief should have been granted where the claimant's attorney mistakenly assumed that the employees of a city college were state employees. Here, by contrast, appellants could not have been reasonably mistaken as to the correct public entity once the Board informed them of their error. Another case upon which appellants rely, *Kaslavage v. West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 538 [148 Cal.Rptr. 729], actually supports respondent's position since the court there held that service on a county did not suffice as service on a water district within the county. In so holding the court distinguished *Elias v. San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70 [135 Cal.Rptr. 621], which, in the words of the *Kaslavage* court, "simply holds that where the governing body of one public entity is also the governing body of another public entity, a claim against one of the public entities delivered to the governing body of both is substantial compliance with the claims statute." (*Kaslavage v. West Kern County Water Dist., supra,* 84 Cal.App.3d at p. 538; see also *Johnson v. San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 696-700 [266 Cal.Rptr. 187] [doctrine of substantial compliance inapplicable where claim presented to State Board of Control rather than local school district which was a separate public entity].) As there is no evidence that the Board controls respondent's affairs, we fail to discern how service on the Board was sufficient. It makes no difference that the offices of the Board and respondent happened to be located in the same building, that county counsel advised both entities, or that the Board allocates funds for respondent's operations. The Board and respondent were distinct public entities and as such service was required on respondent.

We note that appellants could have eliminated any confusion regarding the correct public entity with which to file their late-claim application by consulting the roster of public agencies, which lists among other things the names, official mailing addresses, and officers of public agencies in California. (§ 53051, subd. (a).) Each public agency is required to file this information with the Secretary of State and the county clerk of each county in which the agency maintains an office (§ 53051, subd. (a)), and the Secretary of State and all county clerks have a duty to establish and maintain the roster (§ 53051, subd. (c)). The "public agency" required to file this information includes "a district, public authority, public agency, and any other

political subdivision or public corporation in the state, but does not include the state or a county, city and county, or city." (§ 53050.) If a public agency fails to file the pertinent information the claim presentation requirements are eliminated (§ 946.4, subd. (a); cf. *Wilson* v. *San Francisco Redevelopment Agency* (1977) 19 Cal.3d 555, 559-562 [138 Cal.Rptr. 720, 564 P.2d 872] [discussing purposes of §§ 946.4 and 53051]), and a claim or late-claim application shall be deemed to have been properly presented if it is timely delivered or mailed in conformity with the information in the roster (§ 915, subd. (d)). These penalties certainly provide incentives for public agencies to comply with the filing requirements and potential claimants in turn should be motivated to consult the roster in every case. Indeed the roster provides claimants with the means to spring the traps for the unwary lurking in today's dense forest of public entities.

*Estoppel*

Appellants present a variation of the preceding argument by contending the Board's approval of their erroneously served late-claim application and alleged promise to forward the file to respondent excused their failure to file a timely late-claim application with respondent. Although the argument is styled as one based on mistake, inadvertence, surprise or excusable neglect (§ 911.6, subd. (b)(1), § 946.6, subd. (c)), appellants essentially claim that the Board's acts estop respondent from relying on appellants' failure to comply with the claim presentation requirements.

In *John R.* v. *Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 445 [256 Cal.Rptr. 766, 769 P.2d 948], the Supreme Court reaffirmed the rule that "a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act." In *Lentz* v. *McMahon* (1989) 49 Cal.3d 393 [261 Cal.Rptr. 310, 777 P.2d 83], the court reiterated the test for assessing whether an estoppel should be applied against a governmental entity. " 'The government may be bound by an equitable estoppel in the same manner as a private party when the elements requisite to such an estoppel against a private party are present and, in the considered view of a court of equity, the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel.' " (*Id.* at p. 400, quoting *City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423].) The required elements for an equitable estoppel are: " ' "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so

intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury." ' (*Mansell, supra,* 3 Cal.3d 462, 489, quoting *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].)" (*Lentz* v. *McMahon, supra,* 49 Cal.3d at p. 399.)

There are, however, inherent limitations on an otherwise valid estoppel. In *John R.* v. *Oakland Unified School Dist., supra,* 48 Cal.3d at pages 445-446, for instance, the court recognized that a plaintiff cannot rely on an estoppel if there is still ample time to take action within the statutory period after the circumstances inducing delay have ceased to operate. Here, even if we were to assume the Board's approval of the erroneously served late claim application could raise an estoppel against respondent—a separate public entity—the Board corrected its error when it informed appellants that it was an entity separate from respondent in March 1987. At that time, appellants still had two months in which to submit a late-claim application to respondent before the one-year jurisdictional limit expired. Their failure to do so precludes reliance on an estoppel. (Cf. *DeRose* v. *Carswell* (1987) 196 Cal.App.3d 1011, 1026 [242 Cal.Rptr. 368] [one year a sufficient period within which to institute action after conduct giving rise to an estoppel ceased]; *Lobrovich* v. *Georgison* (1956) 144 Cal.App.2d 567, 573-574 [301 P.2d 460] [five weeks a sufficient period].)

 The Board's alleged promise to forward its file to respondent adds nothing to the equation because appellants do not explain how that courtesy would excuse their own obligation to serve on respondent a timely late-claim application.[8] As the factual basis for this contention was presented by way of argument rather than declaration it was properly disregarded by the court. (See fn. 3 *ante.; South Bay Transportation Co.* v. *Gordon Sand Co.* (1988) 206 Cal.App.3d 650, 657 [253 Cal.Rptr. 753] [uncontradicted testimony may be rejected by the fact finder in appropriate circumstances]; BAJI No. 1.02 (7th ed. 1986) p. 6 [argument of counsel is not evidence].)

 Similarly, respondent's decision to file an answer as its initial pleading did not preclude a challenge to the claim-relief petition based on appellants' noncompliance with the claim presentation requirements since the

---

[8] For instance, appellants do not rely on section 915, subdivision (c), which provides that a claim or late-claim application presented to the wrong public entity is deemed to have been presented to the correct entity if it is actually received by the correct entity within the time limits for presentation thereof. Thus if the Board had in fact forwarded its file to respondent in accordance with its alleged promise the late-claim application would have been deemed presented before expiration of the one-year jurisdictional limit. Of course, in such a case respondent would have been free to reject the late-claim application because appellants had failed to satisfy the requirements of section 911.6.

answer properly raised the issue of noncompliance as an affirmative defense. (*Rand* v. *Andreatta* (1964) 60 Cal.2d 846, 848 [36 Cal.Rptr. 846, 389 P.2d 382].)

### Physical or Mental Incapacity

■■■ Appellants' final argument is that the time for presenting a late-claim application was tolled because they were physically and mentally incapacitated from injuries received as a result of the accident. (§ 911.4, subd. (b), § 911.6, subd. (b)(3).) This argument is meritless since appellants failed to offer evidence showing they were incapacitated in any way. In a claim-relief proceeding it is petitioners' burden to show an applicable excuse by a preponderance of the evidence. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753].) This burden is not met where, as here, counsel merely asserted that his clients' incapacity would be substantiated during discovery proceedings if the claim-relief petition were granted. In the absence of any evidence or at least an offer of proof this excuse was without foundation.

### Disposition

The judgment is affirmed.

Agliano, P. J., and Premo, J., concurred.