Filed 8/28/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| A.S., a Minor, etc.<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>PALMDALE SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B318012<br><br>Los Angeles County<br>Super. Ct. No. 20AVCV00136 |

    APPEAL from a judgment of the Superior Court of Los Angeles County, Wendy Chang, Judge.  Affirmed.

    Law Offices of Martin E. Stearn and Martin E. Stearn for Plaintiff and Appellant.

    Carpenter, Rothans & Dumont, Louis R. Dumont and John J. Stumreiter for Defendant and Respondent.

—————————

    After an elementary school teacher grabbed and twisted A.S.'s arm, his mother (and guardian ad litem) filed a complaint form with the Palmdale School District (District) on his behalf. They then filed a lawsuit for damages against the District, its

superintendent, the assistant superintendent, the elementary school principal, and the teacher.[1] The trial court sustained the District's demurrer to appellant's third amended complaint without leave to amend, on the ground appellant failed to file a claim with the District in compliance with Government Code section 910.[2] Appellant appeals from the subsequent judgment of dismissal, contending his complaint form substantially complied with the requirements of section 910 and the District was estopped from raising defects in the form. We affirm the judgment.[3]

## BACKGROUND

The third amended complaint alleges that on March 5, 2019, a teacher grabbed appellant's arm and twisted it, resulting in an injury requiring medical treatment. In an exhibit attached to the original complaint, appellant's mother stated she took him to the emergency room, where doctors gave him a sling and told him to stay home for the remainder of the week.

The next day, appellant's mother went to the school to file a complaint. The school receptionist told her she would have to request a form at the District offices. Appellant's mother then went to the District offices and spoke with a receptionist there.

---

[1] The trial court overruled the demurrer as to the individual defendants and they are not parties to this appeal.

[2] Further undesignated statutory references are to the Government Code.

[3] Appellant includes in his opening brief an argument that the District is liable for the acts of its employees. In light of our ruling, we need not and do not consider this issue.

2

The receptionist left, then returned and told the mother that Ryan Beardsley, the assistant superintendent, had instructed her to give the mother a form entitled "COMPLAINT FORM— EMPLOYEE STUDENT ISSUE." Appellant's mother asked if there were any other forms she needed to complete and the receptionist said Beardsley had only instructed her to provide the complaint form.

As directed, appellant's mother took the complaint form home, completed it and returned the next day to meet with Beardsley. She gave the form to Beardsley. She told him she had taken appellant to the hospital for treatment of his injuries and had filed a police report. She asked Beardsley if there were any other documents or paperwork she needed to complete. Beardsley said there were none and he promised a full inquiry would be made into the incident. He said he would be in touch with her.

On February 25, 2020, A.S., now represented by counsel and acting through his mother as his guardian ad litem, filed this lawsuit seeking monetary damages. He alleged he had complied with the requirements of the Government Claims Act (Act) (§ 810 et seq.) and attached a copy of the complaint form his mother had given to Beardsley. The District demurred twice to appellant's complaint. The demurrers were sustained, but with leave to amend. The District's third demurrer, to appellant's third amended complaint, was sustained without leave to amend. The trial court entered a judgment of dismissal and this appeal followed.

3

# DISCUSSION

## A.     *Standard of Review*

"An order sustaining a demurrer without leave to amend is reviewed de novo.  The court exercises its independent judgment to determine whether or not the complaint states facts sufficient to constitute a cause of action as a matter of law.  [Citation.]  We assume the truth of properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters that are judicially noticeable.  [Citation.]  We construe the pleading in a reasonable manner and read the allegations in context.  [Citation.]  However, courts will not close their eyes in situations where a complaint contains allegations of fact inconsistent with attached documents/exhibits, or allegations contrary to facts which are judicially noticed.  [Citation.]  Where facts appearing in attached exhibits or judicially noticed documents contradict, or are inconsistent with, the complaint's allegations, we must rely on the facts in the exhibits and judicially noticed documents." (*Genis v. Schainbaum* (2021) 66 Cal.App.5th 1007, 1014–1015.)

When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the plaintiff can amend the complaint to cure the defect.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  If the defect can be cured, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  (*Ibid*.)  The plaintiff has the burden of proving such reasonable possibility.  (*Ibid*.)

4

B.  *Applicable Law*

The Act requires any person seeking monetary damages from a public entity to file a claim with that entity.  (§ 905.)  The claim must include the information specified in section 910.  A complaint is deficient and subject to a general demurrer if it fails to allege facts showing compliance with the claims requirement.  (See, e.g., *Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 218.)

"The essential elements of a claim are set forth in Government Code section 910." (*Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1082 (*Loehr*).)  A claimant must show "[t]he amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.  If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim.  However, it shall indicate whether the claim would be a limited civil case." (Gov. Code, § 910, subd. (f).)

"[A] claim under Government Code section 910 is sufficient if (1) there is '*some* compliance with *all* of the statutory requirements'; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate.  [Citation.]  The latter inquiry is known as the substantial compliance test." (*County of Los Angeles v. Superior Court* (2008) 159 Cal.App.4th 353, 360.)

"The doctrine of substantial compliance cannot cure the total omission of an essential element from the claim or remedy a

5

plaintiff's failure to comply meaningfully with the statute." (*Dilts v. Cantua Elementary School Dist.* (1987) 189 Cal.App.3d 27, 37; *Loehr, supra,* 147 Cal.App.3d at p. 1083.) Thus, a failure to even estimate the amount of damages on the claim document cannot be remedied by application of the doctrine. (See *Loehr,* at p. 1083 [claim document did not satisfy the doctrine where "[a]t most, the letter was merely a demand that the Board reinstate plaintiff as superintendent of the district or face possible legal action. The only mention of damages appears as a passing reference to the availability of such relief under the federal Civil Rights Act. Nowhere in the letter is there a claim for money damages, nor, for that matter is there even an estimate of the amount of any prospective injury, damage or loss."].)

C.      *Analysis*

      1.      *The Complaint Form Does Not Substantially Comply with the Requirements of the Government Code.*

In his original complaint and every subsequent amended complaint, appellant alleged he had complied with the Act by filing a complaint form with the District on March 6, 2019. The form was attached as an exhibit to the original and second amended complaint. Appellant contends this complaint form substantially complied with the requirements of the Act, and the trial court erred in not finding such compliance.

The complaint form includes a number of prompts and questions. As relevant here, the form requests responses to two prompts: "Describe Incident/Complaint" and "What is your suggestion to resolve the problem?" Appellant's mother replied to both, "Please see back."

6

On the back of the form, appellant's mother described the incident as follows: "On Tueday, March 5, 2019, [A.S.] was physically manhandled by [his teacher] Mr. Parisio. This assault & battery left bruises on [A.S.'s] arm. Because of the swelling & pain to [his] arm, he was taken to the emergency room where the physician deemed it necessary for [A.S.] to wear a sling for support, as well as to remain home from school for the remainder of the week. I am also aware that the investigation being done at the site is biased, as it seems the principal is attempting to influence the investigation. To other adults on campus, the principal has made statements, such as '[A.S.] is not without fault. The family wants people to think he is hurt. Mr. Parisio has a family to support.' Please know that this is a complaint against staff (Mr. Parisio, and the principal) as well as a uniform complaint."

In the next paragraph, the mother stated: "I suggest that a thorough district level, unbiased and professional investigation be conducted regarding, not only, this incident but the entire school culture, especially the leadership at the site. I suggest that Mr. Parisio receive appropriate discipline for physically attacking a student. I truly believe that Mr. Parisio is a danger to [A.S.] as well as the population of students in general."

In sustaining the District's demurrer to the first amended complaint, the trial court addressed whether the first amended complaint substantially complied with the requirements of the Government Code. The court found: "While the form submitted by Plaintiff informed Defendant of the incident that led to Plaintiff's injuries, there are no indications that Plaintiff was seeking to hold Defendant liable for damages for the incident. [Citation.] All indications from the form are that Plaintiff was

7

seeking discipline against [the teacher] for the incident, not damages."[4]

Appellant specified several administrative actions which he wanted the District to take, but did not state he was seeking monetary damages and made no attempt at all to estimate, even roughly, an amount of damages or state whether or not the claim would be a limited civil case.

The complaint form does not substantially comply with section 910.

2. *The District Has Not Waived Noncompliance as an Affirmative Defense*

Our determination that the complaint form did not substantially comply with the requirements of section 910 does not end our inquiry, however. "[I]f a claim presented does not substantially comply with the claim filing requirement, the public entity must advise the claimant of the deficiencies or lose the right to assert the noncompliance as an affirmative defense." (*Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1234.) As appellant's reply brief indicates, albeit indirectly,

---

[4]    We note that, in its ruling on the demurrer to the second amended complaint, the trial court appeared to backtrack on this ruling, finding that appellant had alleged compliance in the complaint and his "general allegations of compliance with the claim requirement is sufficient to survive a demurrer." At the hearing for the demurrer to the third amended complaint, the trial court, on its own motion, asked for briefing on the issue of whether the district was estopped from raising a lack of compliance. We view this as an implicit re-adoption of the court's earlier ruling that the complaint form did not substantially comply with the Act.

section 910.8 requires a public entity, in some circumstances, to notify a claimant of insufficiency in his claim.

Appellant contends his statements in the complaint form that he was "manhandled" and injured in an "assault and battery" by a teacher and then treated in an emergency room "would clearly demonstrate that [he] was very likely to seek monetary compensation for his personal injuries as well as pain and suffering."

"There is a recognized and important distinction . . . between a claim that is inadequate because it does not substantially comply with the requirements of section 910 and a document that is not a claim at all. 'A claim that fails to substantially comply with sections 910 and 910.2 may still be considered a "claim as presented" if it puts the public entity on notice both that the claimant is attempting to file a valid claim and that litigation will result if the matter is not resolved.' [Citation.] A 'claim as presented' is also sometimes called a 'trigger-claim' because its receipt by a public entity 'triggers a duty by the public entity to notify the potential claimant of the claim's insufficiency stating, with particularity, the defects or omissions.' (*Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 1354, 1358 [41 Cal.Rptr.2d 140] (*Green*); see § 910.8 [requiring notice of insufficiency of claim]; see also § 911.3, subd. (a) [notice requirement for claims returned as untimely].) 'If the public entity fails to send this notice, it *waives* any defenses as to the sufficiency of the claim based upon a defect or omission.' (*Green, supra*, 34 Cal.App.4th at p. 1358; see § 911 [waiver by failure to give notice of insufficiency]; see also § 911.3, subd. (b) [waiver by failure to give notice of untimeliness].)"

(*Simms v. Bear Valley Community Healthcare Dist.* (2022) 80 Cal.App.5th 391, 400–401 (*Simms*).)

An indication that litigation might ensue if the defendant does not comply with the terms under discussion is "the most essential element of a 'claim as presented,' because it satisfies the primary purposes of the Government Claims Act: facilitating the investigation of disputes and their settlement without trial if appropriate." (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 744–745 [finding correspondence did not constitute a claim as presented because "it points to nothing that would have specifically alerted defendants to weigh the alternatives of litigation or compromise."]; compare *Simms, supra*, 80 Cal.App.5th at pp. 401–402 [plaintiff's letter was a "claim as presented" because it "expressly threatened litigation if Simms's 'concerns' about being 'defamed, harassed, *mistreated* and ignored' were not otherwise resolved."].)

This District Court of Appeal has emphasized the requirement that a "claim as presented" must " 'disclose the existence of a "claim" [against the defendant] which, if not satisfactorily resolved, will result in [litigation].' " (*Olson v. Manhattan Beach Unified School Dist.* (2017) 17 Cal.App.5th 1052, 1062 (*Olson*) [grievance which described breach of contract claim involving evaluation process not a claim as presented because "nowhere does the grievance threaten litigation if the contractual breaches are not remedied."].)[5]

---

[5] The *Olson* Court summarized past law: "(Compare *Schaefer Dixon Associates v. Santa Ana Watershed Project Authority* (1996) 48 Cal.App.4th 524, 534 [55 Cal.Rptr.2d 698] [letter to public entity advising of monetary dispute did not constitute 'claim [as] presented,' as 'the plain import of the letter was merely to

Appellant's complaint form in no way suggested that he was seeking compensation for his injury. More important, there is nothing in appellant's complaint form threatening litigation if appellant's demands, monetary or otherwise, were not met. His complaint form does not satisfy the requirements of a "claim as presented."

### 3. *Equitable Estoppel Does Not Apply*

Appellant contends his mother relied on statements by Beardsley that the only form she needed to file was the complaint form and therefore the District should be estopped from asserting that the complaint form is insufficient. The trial court stated at the hearing on this issue: "I find it significant that at the time that the actual complaint was filed, there was still time left to apply for leave to file a late claim, and so I think that does address the estoppel argument, and so I am going to sustain as to [the District] without leave to amend." We see no error.

"The required elements for an equitable estoppel are: ' " '(1) the party to be estopped must be apprised of the facts;

provide information and to request negotiation of an ongoing dispute, and not to advise of imminent litigation over a "claim" '], and [*Green, supra*, 34 Cal.App.4th at p. 1359] [counsel's letter informing public entity that an accident had occurred and counsel had been retained was not a ' "claim as presented," ' as nothing in counsel's letter suggested 'that a demand was being made on respondent or that counsel would initiate litigation if appellant's demand was not satisfied' ], with *Phillips v. Desert Hospital Dist.* [1989] 49 Cal.3d [699,] 703, 709 [counsel's letter advising public entity that counsel "intends to commence an action" for medical malpractice and was seeking ' "damages for loss of consortium and . . . mental and emotional suffering" ' constituted ' "claim as presented" ' ].)" (*Olson, supra,* 17 Cal.App.5th at p. 1062.)

(2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.' " ' " (*Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 715–716 (*Santee*).)

" ' " The government may be bound by an equitable estoppel in the same manner as a private party when the elements requisite to such an estoppel against a private party are present and, in the considered view of a court of equity, the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel." ' [Citation.]" (*Santee v. Santa Clara County Office of Education, supra*, 220 Cal.App.3d at p. 715.) The California Supreme Court has emphasized that such circumstances are "unusual." (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 793.)

Even if we assume that all of the elements of equitable estoppel were initially present, the law recognizes that circumstances may change and render estoppel no longer appropriate. (See *Santee, supra*, 220 Cal.App.3d at p. 716 [party to be estopped corrected its initial erroneous representation].) A plaintiff "cannot rely on an estoppel if there is still ample time to take action within the statutory period after the circumstances inducing delay have ceased to operate." (*Ibid*.)

Here, the circumstances changed when appellant acquired counsel. "In general, the law 'particularly' disfavors estoppels 'where the party attempting to raise the estoppel is represented by an attorney at law.' [Citation.] For purposes of analyzing estoppel claims, attorneys are 'charged with knowledge of the law

12

in California.' (*Tubbs v. Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 679 [63 Cal.Rptr. 377, 433 P.2d 169] [rejecting claim of estoppel to assert statute of limitations].)" (*Steinhart v. County of Los Angeles* (2010) 47 Cal.4th 1298, 1316 (*Steinhart*).)

Here, the complaint form filed by appellant's mother with the District was attached as an exhibit to the original complaint in this matter, showing appellant's attorney had actual acknowledge of the contents of the complaint form submitted on appellant's behalf.  Counsel is charged with the knowledge that appellant needed to file a claim for damages with the District and with the knowledge of what was required for such a claim. Indeed, appellant's attorney appears to have had actual knowledge of the requirements, as he cited the relevant Government Code statutes in the original complaint.

Appellant is charged with that knowledge as well. (*Steinhart, supra*, 47 Cal.4th at p. 1317 [charging client with attorney's knowledge of the law for purposes of estoppel].)

As the California Supreme Court has explained, "one who acts with full knowledge of plain provisions of law and their probable effect on facts within his or her knowledge, especially where represented by counsel, may claim neither ignorance of the true facts nor detrimental reliance on the conduct of the person claimed to be estopped, two of the essential elements of equitable estoppel." (*Steinhart, supra*, 47 Cal.4th at p. 1317 [charging client with attorney's knowledge of the law].)

Although the exact date when appellant and his mother retained his attorney is not shown in the record, the original complaint, filed by counsel, is dated February 25, 2020.  The incident occurred on March 5, 2019, allowing appellant and his attorney approximately a week to file a compliant claim within

13

the mandated one-year period.  Given that counsel possessed the relevant facts about the incident, had the original complaint form, and was actually aware of the statutory requirements for suing a governmental entity, this was ample time.

## DISPOSITION

The judgment is affirmed.  Appellant to pay costs on appeal.

**CERTIFIED FOR PUBLICATION**


STRATTON, P. J.

We concur:



GRIMES, J.



VIRAMONTES, J.