Filed 11/6/23  Starving Students v. National Merchant Center CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| STARVING STUDENTS INC., | |
| Plaintiff and Appellant, | G062217 |
| v. | (Super. Ct. No. 30-2014-00697272) |
| NATIONAL MERCHANT CENTER, LLC, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge.  Dismissed.

Stephen F. Lopez for Plaintiffs and Appellant.

Alpert Law Group and Jeffrey Alpert for Defendant and Respondent.

\*          \*          \*

Following entry of judgment in its favor, National Merchant Center, LLC (NMC) held a debtor's exam and obtained an order requiring Starving Students Inc. to turn over all its certificates of title to any cars it owns to NMC. Starving Students did so and then filed a motion with the court seeking an order it had satisfied the judgment. The court denied the request on procedural grounds as well as upon a determination that Starving Students had failed to show the judgment was, in fact, satisfied. Three months later, Starving Students filed a renewed motion pursuant to Code of Civil Procedure section 1008, subdivision (b)[1] seeking the same relief. The court denied the request and Starving Students appealed.

Following our request for additional briefing regarding the appealability of the order, pursuant to the holdings in *Chango Coffee, Inc. v. Applied Underwriters, Inc.* (2017) 11 Cal.App.5th 1247 and *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, and our consideration of sanctions, Starving Students filed a request for dismissal of the appeal. We will exercise our discretion and dismiss the appeal.


DISCUSSION

We asked for briefing on the issue of whether a party may appeal a court's denial of a renewed motion made pursuant to section 1008, subdivision (b). Starving Students filed a supplemental brief. NMC did not. In its supplemental brief, Starving Students and its attorney, Stephen F. Lopez, claimed there is a split of authority on the issue citing to *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005 (*Blue Mountain*), *Rojes v. Riverside General Hospital* (1988) 203 Cal.App.3d 1151 (*Rojes*), and *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702 (*Santee*). In response to our request for briefing concerning the possible imposition

---

[1] All statutory references are to the Code of Civil Procedure.

2

of sanctions, Starving Students has withdrawn its supplemental brief and requested dismissal of this appeal.

I. *The Court's Consideration of Sanctions*

On October 17, 2023, this court, on its own motion, requested additional briefing on the issue of whether Starving Students and its attorney, Stephen F. Lopez, should be sanctioned for filing and maintaining a frivolous appeal and misrepresenting the law to the court in violation of sections 128.7 and 907, California Rules of Court rules 8.276(a)(1), 8.204(a)(B) and 8.276(a)(4), and Professional Rules of Conduct rule 3.3(a)(1). The parties were asked to address the following issues: (1) Whether the appeal is frivolous and taken and maintained solely for the purpose of causing delay and frustrating the satisfaction of the underlying judgment in violation of sections 128.7 and 907; (2) whether the law was misrepresented to this court by stating there is a split of authority on the issue of the appealability of a renewed motion, in violation of California Rules of Court, rules 8.204(a)(2) and 8.276(a)(4), and Rules of Professional Conduct, rule 3.3(a)(1); and (3) the amount and type of sanctions.

A. The Frivolousness of the Appeal

In its supplemental briefing, Starving Students and Attorney Stephen F. Lopez argue "the appeal was not filed by Attorney Lopez, but by [Starving Student's] former counsel" and that "[a]ppellant had no knowledge regarding the appealability of the order and relied on former counsel." Sections 128.7 and 907 govern an attorney's advocacy before this court, whether or not the case was initiated by the attorney. (§ 128.7, subd. (b)(1), (2); s*ee DeRose v. Heurlin* (2002) 100 Cal.App.4th 158, 179.) Thus, Attorney Lopez is responsible for his own advocacy. Further, we judge the frivolousness of an appeal using an objective standard. (*See Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 189-190.) An attorney's good faith belief is not relevant. (*Ibid*.)

3

Therefore, Attorney Lopez cannot blindly rely on the word of former counsel in assessing the appealability of the order at issue. Attorney Lopez owes an independent duty to this court which cannot be delegated to someone else.

### B. The Misrepresentations of Law

Attorney Lopez argues the courts in *Blue Mountain, Rojes,* and *Santee* all cited by Attorney Lopez in support of the statement that there is a split of authority, use the term motion for reconsideration inaccurately "when it appears they are referring to a . . . renewed motion." This is again false. Each case reviewed the grant or denial of a motion for reconsideration. (*See Blue Mountain, supra*, 132 Cal.App.3d at p. 1009 ["Blue Mountain filed a motion for reconsideration"]; *Rojes, supra*, 203 Cal.App.3d at p. 1157 ["Rojes filed an 'Application for Motion for Reconsideration'"]; *Santee, supra*, 220 Cal.App.3d at p. 710 ["Appellants moved for reconsideration"].) There are distinct differences between a motion for reconsideration and a renewed motion. It is not clear how Attorney Lopez is confused by this language. Nor are his attempts to clarify well-reasoned.

### C. Withdrawal of Supplemental Brief and Request for Dismissal

In response to our consideration of sanctions, Starving Students and Attorney Lopez have withdrawn their supplemental brief and requested a dismissal of the appeal. Starving Students is not entitled to a dismissal as a matter of right. (*Jackpot Harvesting, Inc. v. Applied Underwriters, Inc.* (2019) 33 Cal.App.5th 719, 728, fn. 10; Cal. Rules of Court, rule 8.244(c)(2).) However, we have discretion to grant the request. (*Ibid.*) We exercise our discretion in this case and dismiss the appeal.

DISPOSITION

The appeal is dismissed.  NMC shall recover costs incurred on appeal.  The remittitur shall issue forthwith.  (Cal. Rules of Court, rule 8.272(c)(1).)  We decline to impose sanctions on Starving Students or Attorney Stephen F. Lopez.


SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.